35188. JONES *v.* ROBERTS MARBLE COMPANY, INC.

DECIDED OCTOBER 14, 1954.

*J. P. Dukes, W. J. Neville, W. G. Neville,* for plaintiff in error.
*Fred T. Lanier, Robert S. Lanier,* contra.

NICHOLS, J. Jimpse T. Jones filed in the Superior Court of Bulloch County a motion to set aside a judgment which had been rendered against him in a suit on account by Roberts Marble Company, Inc., the grounds of the motion being that the judgment was null and void, because (1) neither the sheriff nor his lawful deputy signed the copy of the petition and process as

pretended to be served upon him, and (2) he did nothing to waive the omission of the dating of the petition and process. Upon a hearing of the motion the following facts were before the court: It was conceded that, although required by law at the time of the purported service (Code § 81-202), the sheriff, in delivering the copy of the petition and process, failed to show thereon the date of the attempted service. The movant as defendant in the suit filed no pleadings whatever. He was physically present in the courtroom when the case against him, his wife, and his mother-in-law, all of whom were sued as alleged members of a partnership, was called. He remained in court during the trial, not of the merits of the case, but of the issue of no partnership urged by the wife and in whose favor the contention was sustained. The mother-in-law of the movant was stricken as a defendant. During such hearing he sat with his wife and by the side of her counsel. This counsel was also employed by him respecting the suit filed against him. When the plea of no partnership was sustained in favor of the wife, counsel for the plaintiff was then allowed to take a verdict and judgment against the defendant Jimpse T. Jones, as he had filed no pleadings in court. He was present and made no objection and had not in any respect taken any part in the proceedings. He lived in the same house with his wife and mother-in-law and at the time when they were properly served. When the attempted personal service was made upon him in the office of the sheriff, he was then in the company of his counsel and they left the place together. He conferred with him after the attempted service.

The court denied the motion to set aside the judgment, and the movant excepted.

The plaintiff in error seeks a reversal of the judgment because of defective service and no waiver. The defendant in error concedes that no valid service was perfected, but contends that this defect was waived by the plaintiff in error by his conduct above stated. At the time of the purported service, prior to the act of 1953 (Ga. L. 1953, pp. 440, 450) which amended Code § 81-202 as to service of process, the law was as stated by this court in *Payne* v. *Moore Finance Co.*, 87 *Ga. App.* 627 (74 S. E. 2d 746): "A verdict and judgment rendered in a case where the officer

serving a copy of the petition and process failed to show on the copy the date of the service on the defendant by dating and signing the copy, in the absence of waiver, is void, and the court erred in not setting aside the judgment." It was further said: "There are numerous cases which hold that the service must be as the law provides, even if the defendant has knowledge of the suit. [Cit.]" It is clear, therefore, that unless there was a waiver by the defendant, the judgment against him was a nullity.

While a party may by his conduct, as well as by express language, waive a legal right, still where as here the only evidence of an intention to waive is what a party does or forbears to do, "his acts or omissions to act, relied on, should be so manifestly consistent with and indicative of an intention to voluntarily relinquish a then known particular right or benefit, that no other reasonable explanation of his conduct is possible." *Monroe Motor Express* v. *Jackson,* 74 *Ga. App.* 148, 157 (38 S. E. 2d 863). See also *Plumer* v. *Continental Casualty Co.,* 12 *Ga. App.* 594 (77 S. E. 917); *State Mutual Ins. Co. v. Harmon,* 72 *Ga. App.* 117, 120 (33 S. E. 2d 105).

Admittedly the movant was in the courtroom during the trial of the no-partnership issue as pleaded by his wife. But his appearance was not such as to be attended with legal consequences. In its common and particular use the word "appearance" signifies "an *overt* act by which a person against whom suit has been commenced submits himself to the jurisdiction of the court." (Italics ours.) 6 C. J. S. 4, § 1. See also 3 Am. Jur. 782, § 2; Mahan *v.* Baile, 358 Mo. 625 (216 S. W. 2d 92); Chaplin *v.* Superior Court, 81 Cal. App. 367 (253 Pac. 954); Kaufman *v.* Samuelson, 134 N. J. L. 573, 577 (49 Atl. 2d 479); Stephens *v.* Ringling, 102 S. C. 333 (86 S. E. 683); Dauphin *v.* Landrigan, 187 Wis. 633 (205 N. W. 557); Brumleve *v.* Cronan, 176 Ky. 818 (197 S. W. 498).

We find nothing in the recited facts which excludes a reasonable explanation of the movant's appearance in court under the circumstances. The attendance by a husband during the trial of the issue of no partnership as pleaded by his wife, and his sitting at the table by her counsel, with no pleadings filed in the case, may be reasonably regarded and explained as a normal act of devotion and duty towards his wife and entirely consistent

with no intention to waive the defect in service of process upon him. Furthermore, where no valid process had been served upon him, he was entirely within his rights in regarding the suit as a nullity as to him and in filing no defensive pleadings; and the fact that his counsel was with him in the office of the sheriff when the abortive service was made and left the place with him, or that he lived with his wife and his mother-in-law, who were legally served at their residence, can not vitalize defective service or charge the movant with intention to waive service.

It follows from what has been said that the court erred in finding that by his conduct the movant had waived the defect in service and in denying the motion to set aside the judgment.

*Judgment reversed. Felton, C. J., and Quillian, J., concur.*