**Mabry I. ANDERSON and Ben O. White, trading and doing business as Mississippi Valley Aircraft Service, Plaintiffs**

v.

**TAYLORCRAFT, INC., Defendant.**

Civ. A. No. 16971.

United States District Court
W. D. Pennsylvania.

Sept. 15, 1961.

Thomas J. Joyce, of McArdle, Harrington & McLaughlin, Pittsburgh, Pa., for plaintiffs.

Franklyn E. Conflenti, Pittsburgh, Pa., for defendant.

MARSH, District Judge.

Defendant, Taylorcraft, Inc., moves to vacate and set aside a default judgment in the sum of $9,364.32 [1] entered after non-jury trial, on the grounds of excusable neglect, mistake, surprise, and inadvertence.

The defendant admits that it has never retained counsel "nor entered its appearance of record in the above entitled action" (see ¶ 1 of the motion). In a "Supplement to Motion to Vacate Judgment" defendant attached a proposed answer in which it admits that it is indebted to the plaintiffs in the sum of $1,312.04, but asserts that under a proper construction of the contract it is not indebted for any other sum. The plaintiffs oppose the motion.

Hearings were held on June 29, 1961 and September 11, 1961, at which documentary evidence was introduced and testimony taken.

In my opinion there was no evidence of excusable neglect, mistake, surprise or inadvertence on which a court should vacate the judgment.

The complaint demanding damages for breach of contract was filed on May 7, 1958 and duly served on defendant on May 8, 1958. No appearance was entered by or on behalf of defendant. It appears that subsequently the defendant's president wrote to plaintiffs and plaintiffs' attorney and personally consulted with the latter about this lawsuit. On April 28, 1959, defendant was advised by plaintiffs' attorney that it was in default and subject to the entry of a default judgment in the sum of $8,149.97 (Exhibit 1), but, notwithstanding, defendant for the next 18 months did nothing to protect itself.

In the absence of an appearance, the defendant was not entitled to any notice, including a notice of the non-jury trial. Rule 5(a), Fed.R.Civ.P., 28 U.S.C.A. The Clerk had power to enter judgment by default without notice to defendant since the plaintiffs' claim was for a sum certain and defendant was defaulted for failure to appear. Rule 55(b) (1), Fed.R.Civ.P. However, the plaintiffs, having had the Clerk enter default under Rule 55(a), proceeded to have the court enter judgment by default under Rule 55 (b) (2). I cannot perceive, and defendant does not contend, that the judgment is invalid because the court after ex parte trial entered the judgment (Rule 55(b) (2)) rather than the Clerk on the plaintiffs' affidavit of the amount due (Rule 55(b) (1)). I do perceive that by virtue of the adopted procedure plaintiffs were subject to additional expense because Mabry Anderson, one of them, was required to travel from Mississippi to Pittsburgh for the trial, produce documentary evidence and testify.

The case was listed for jury trial before Judge Edwin D. Steele, Jr. (temporarily assigned) during the weeks of October 17th and 24th, 1960.[2] When the case was called for trial, the defendant did not appear. Since plaintiffs did not have a witness present to identify the contract and other exhibits, Judge Steele, with plaintiffs' consent, entered an order dated October 18, 1960, assigning the case for non-jury trial. On November 1, 1960, the non-jury trial or hearing came on before Judge Fred L. Wham (temporarily assigned). Plaintiffs were notified of the approximate trial date; defendant was not. Mabry Anderson attended this trial and testified.

By letter under date of October 20, 1960, the Clerk gratuitously sent a notice to defendant, which it received, that the case had been removed from the jury trial list and assigned as a non-jury trial

[1] Judgment was entered for the amount demanded in the complaint, i. e., $8,149.97 with interest in the amount of $1,214.35 on $8,149.97 from May 7, 1958 to November 1, 1960, together with costs.

[2] The Clerk customarily sends a copy of the trial list to unrepresented litigants.

(Exhibit 9). The only action which the defendant took in response to this notice was to notify the Clerk by letter dated October 24, 1960, of a change of address (Exhibit 8). Defendant's counsel argues that this letter should be construed as an appearance which would entitle defendant to a 3-day notice of the November 1st trial under Rule 55(b) (2), Fed.R. Civ.P. He cites United States v. Edgewater Dyeing & Finishing Co., D.C.E.D. Pa.1957, 21 F.R.D. 304. This case is not apposite for there an appearance was formally entered by the defendant's attorney.

 An appearance is ordinarily an overt act by which a party comes into court and submits himself to its jurisdiction. 6 C.J.S. Appearances § 1. It is an affirmative act requiring knowledge of the suit and an intention to appear. "[A]n appearance is always a matter of intention, and is not to be inferred, except as the result of acts from which an intent may be properly inferred." Durabilt Steel Locker Co. v. Berger Mfg. Co., D.C. N.D.Ohio E.D.1927, 21 F.2d 139, 140; 6 C.J.S. Appearances § 12, p. 19. " 'Broadly stated, any action on the part of defendant, except to object to the jurisdiction over his person which recognizes the case as in court, will constitute a general appearance * * *'; but, 'although an act of defendant may have some relation to the cause, it does not constitute a general appearance, if it in no way recognizes that the cause is properly pending or that the court has jurisdiction, *and no affirmative action is sought from the court.*' " [Italics in original.] Pellegrini v. Roux Distributing Co., 170 Pa.Super. 68, 84 A.2d 222, 224; 6 C.J.S. Appearances § 13.

Applying these principles, I am of the opinion that a change of address letter mailed to the Clerk is not an appearance. If every casual communication by a defendant to the Clerk should amount to an appearance, disturbing uncertainty would result. Moreover, Rule 5(a) requires that "every * * * appearance * * * shall be served upon each of the parties affected thereby". For 2½ years defendant did not file or serve anything of a legal nature upon plaintiffs or their attorney.

I find in the circumstances that the defendant was guilty of supine and inexcusable neglect by failing to enter an appearance or causing one to be entered for it, for not only does the summons contain a warning that inaction will result in a default judgment, but also later the plaintiffs' attorney renewed that warning, both of which the defendant ignored.

Defendant also argues that plaintiffs were not entitled to recover for promotional and engineering expenses, and parts on hand "which are not a part of the contract attached to plaintiffs' complaint". This contention goes to the merits of the case which are not before me for disposition.

An appropriate order will be entered denying the motion to vacate.