559 P.2d 749

Edwin O. **HENDRICKSON,**
Plaintiff-Appellant,

v.

**SUN VALLEY CORPORATION, INC.,** et
al., **Defendants-Respondents.**

No. 12067.

Supreme Court of Idaho.

Jan. 27, 1977.

John S. Ritchie, of Rayborn, Rayborn &
Ronayne, Twin Falls, for plaintiff-appellant.

Phillip M. Barber, of Elam, Burke, Jeppesen, Evans & Boyd, Boise, for defendants-respondents.

PER CURIAM.

The issue presented by this appeal is
whether the trial court abused its discretion
in failing to reinstate appellant's action after it had been dismissed for lack of prosecution. Under the circumstances of this
case, we hold that it did not.

Plaintiff-appellant Edwin Hendrickson, a
resident of California, was allegedly injured
on December 25, 1971, while skiing on
Mount Baldy at Sun Valley, Idaho. Almost
two years later on December 10, 1973, he
filed a pro se complaint naming as defendants Sun Valley Corporation and Janss Corporation. Although we will refer to these
two corporations as respondents, they are
not parties to this action because they have
never been served with either a summons or
a copy of the complaint. After filing his
complaint, appellant did nothing further,
and on January 27, 1975, his action was
dismissed for lack of prosecution.

Upon learning of the dismissal appellant
retained Idaho counsel and on July 3, 1975,
he filed a motion pursuant to I.R.C.P. 60(b)
for relief from the order of dismissal. After a hearing ex parte, the trial court denied appellant's motion, and he then filed
his notice of appeal on September 29, 1975.
Respondents were not informed of this lawsuit until after this appeal was initiated.

**134**

At the time appellant's action was dismissed, I.R.C.P. 40(c) required the clerk to give notice of a dismissal for lack of prosecution at least ten days prior thereto.[1] In his affidavit in support of the motion to reinstate his action, appellant alleged:

"4. That subsequent to the filing of the Complaint, I changed addresses.

"5. That I never received any notice of the pending dismissal of my case, and that if the same were sent it was probably sent to my former address."

Other than the above, appellant has presented no evidence that the requisite notice was not sent. Notably absent is any allegation that he notified the clerk's office of his change of address, or that had the notice been delivered to appellant's former address, he would have received it. We cannot therefore presume that the notice was unsent from the fact that appellant failed to receive it.

Appellant also contends that the trial court abused its discretion in failing to find that good grounds exist for reinstating his action. To show good cause he alleged that after filing the complaint on December 10, 1973, he returned to his residence in California. During the time he was in California he had a divorce pending against him which restricted his ability to take care of this action. Other than this conclusionary allegation, appellant has presented no facts which would justify his failure for over one year to attempt service of process or to take any other action with regard to his lawsuit. The trial court did not abuse its discretion in refusing to reinstate appellant's action.

Affirmed.

---

1. The rule required notice to all "attorneys of record." It should be liberally construed, however, to include parties who are acting as their own attorney.