672 P.2d 231

Donald R. NEWBOLD III and Leona M.
Newbold, husband and wife,
Plaintiffs-Appellants,

v.

LuVerne ARVIDSON,
Defendant-Respondent.

No. 14371.

Supreme Court of Idaho.

Sept. 23, 1983.

Rehearing Denied Dec. 5, 1983.

A. Bruce Larson, Soda Springs, for plaintiffs-appellants.

Don L. Harding, Soda Springs, for defendant-respondent.

HUNTLEY, Justice.

Appellants, Mr. and Mrs. Newbold, filed a complaint on March 25, 1981 against respondent LuVerne Arvidson, his wife Barbara and daughter-in-law LeAnn. The complaint alleged that Newbolds had entered into a joint venture with Blake Arvidson, LuVerne's son, and Richard Poulsen, and that Newbolds had advanced a large sum of money to finance the purchase of a house which Poulsen and Blake Arvidson would move to Wyoming and sell for a profit. The complaint also alleged that after Blake Arvidson was killed in a motorcycle accident, his father LuVerne continued in the joint venture, with the house eventually being completed and sold without Newbolds receiving any of the proceeds.

Service of summons and complaint was made on LuVerne Arvidson on March 26, 1981. Default was entered April 16, 1981. Sometime during the month of April and after entry of default, Mr. Arvidson visited Newbolds' attorney, who told him that default had been entered against him and that he should obtain an attorney. Mr. Arvidson's testimony at the hearing on the motion to set aside the default judgment was that while he did not remember being told of entry of default he was advised to get a lawyer.

Mr. Arvidson received notice of the deposition of Richard Poulsen. He attended that deposition, which was held in Utah, on June 30, 1981.

After default judgment was entered on August 5, 1981, Mr. Arvidson filed a motion to set it aside pursuant to I.R.C.P. 55(c) and 60(b). The district court granted the motion and this appeal was taken.

■ A motion to set aside default judgment is addressed to the sound legal discretion of the trial court, whose decision will not be reversed in the absence of abuse of that discretion. *Hearst v. Keller,* 100 Idaho 10, 592 P.2d 66 (1979). It would be an abuse of discretion, however, for a trial court to grant such a motion without adequate legal basis for so doing. Where, as in this case, the default judgment is set aside on grounds of mistake or inadvertence, the mistake alleged must be one of fact and not of law, and the inadvertence or neglect must be excusable, or in other words, conduct that might be expected of a reasonably prudent person. *Reeves v. Wisenor,* 102 Idaho 271, 629 P.2d 667 (1981); *Hearst Corp. v. Keller, supra.*

■ It is apparent from the record in this case that the bases alleged for Mr. Arvidson's failure to take action on the complaint consist only of mistakes of law. He did not understand his legal obligation upon receiving Newbolds' complaint. The law cannot excuse willful ignorance but imposes an obligation on such a person to seek out assistance of legal counsel. In addition, Mr. Arvidson's allegation of emotional stress consists only of that, a conclusory allegation. It is supported by the facts of his recent divorce and the death of his son, but the latter occurred over two years earlier, and the former was without additional facts to suggest why a party undergoing a divorce should be excused from attending to

legal obligations. *See, Hendrickson v. Sun Valley Corp., Inc.,* 98 Idaho 133, 559 P.2d 749 (1977). Consequently, we find no legal basis in these allegations to justify setting aside the default judgment.

However, it is raised as an issue on appeal, and we note from the record, that Mr. Arvidson was not sent three-day notice that judgment would be applied for as required by I.R.C.P. 55(b)(2). That notice requirement applies only where the party against whom judgment is sought "has appeared in the action." Thus, the question presented is whether Mr. Arvidson made an appearance within the meaning of I.R.C.P. 55(b)(2).

■ The appearance required to trigger the three-day notice requirement has been broadly defined, and is not limited to a formal court appearance. *Charlton L. Davis & Co. v. Fedder Data Center,* 556 F.2d 308 (5th Cir.1977). Conduct on the part of the defendant which indicates an intent to defend against the action can constitute an appearance within the meaning of I.R.C.P. 55(b)(2).[1] Sufficient contacts between attorneys may provide the necessary indicia of an intent to defend. *Turner v. Salvatierra,* 580 F.2d 199 (5th Cir.1978). Rule 55(b)(2) affords an extra measure of protection to those parties who have in some way shown an intention to defend their interests in an action. 6 J. Moore, Moore's Federal Practice ¶ 55.05(3) (2d ed. 1982), touches on the policy basis for the rule:

> "However, a party may be deemed to have filed an appearance when there have been contacts between the plaintiff and the defaulting party that indicate the defaulting party intends to defend the suit.

The District of Columbia Court of Appeals set out the policy underlying such holdings in *H.F. Livermore Corp. v. Aktiengesellschaft* [432 F.2d 689, 691 (1970)]: 'Given the approach, [preference for resolution of litigation on the merits

and not based on technical pleading rules] the default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights. The default judgment remedy serves as such a protection. Furthermore, the possibility of a default is a deterrent to those parties who choose delay as part of their litigative strategy. The notice requirement contained in Rule 55(b)(2) is, however, a device intended to protect those parties who, although delaying in a formal sense by failing to file pleadings within the twenty-day period, have otherwise indicated to the moving party a clear purpose to defend the suit.'

Failure to give the required notice is generally regarded by the courts as a serious procedural irregularity. But the error should be considered in the light of surrounding circumstances and will, at times, be harmless."

■ The record shows that not only did Mr. Arvidson visit the Newbolds' attorney at his office, but after being sent notice he attended the deposition of Richard Poulsen in Utah. Bearing on the question of whether plaintiffs' counsel had reason to believe Mr. Arvidson made an "appearance," or displayed an intent to defend against the action, the following colloquy between Mr. Arvidson and Mr. Olsen, plaintiffs' attorney at the deposition, is notable.

"MR. OLSEN: Mr. Richard Poulsen is present and prepared to be deposed in the above-described matter. *Mr. LuVerne Arvidson is present representing himself,* and Mr. Donald Newbold is present as the plaintiff in this matter.

MR. ARVIDSON: I'm representing my son that got killed, you know. He was the third party in this joint venture.

---

1. "The term 'appearance' is generally used to signify the overt act by which a party submits himself to the court's jurisdiction, and it has been said that a court will always look to matters of substance and a party's conduct, as well as other circumstances, in determining whether he has actually appeared in an action." 73 A.L.R.3d 1255.

MR. OLSEN: Right. But you were named apparently as a defendant. *So consequently I suspect you're representing yourself as well.*" (Emphasis added.)

The question is whether the defendant's presence and self-representation at the deposition constitutes an "appearance" pursuant to I.R.C.P. 55(b)(2). We hold that it does. Since Mr. Arvidson was not given notice as required by I.R.C.P. 55(b)(2), the default judgment is voidable, and should be set aside where a meritorious defense is shown.

■ Even though the district court's order setting aside the default judgment was based on an erroneous theory, we can affirm on the correct theory. *Robison v. Compton,* 97 Idaho 615, 549 P.2d 274 (1976). Accordingly, the district court's judgment setting aside the default judgment against Mr. Arvidson is affirmed. Parties bear their own costs.

DONALDSON, C.J., and SHEPARD and BISTLINE, JJ., concur.

BISTLINE, Justice, specially concurring.

In due time the Court will, perhaps, see fit to overrule *Sherwood & Roberts v. Riplinger,* 103 Idaho 535, 650 P.2d 677 (1982), where a majority of three upheld the entry of a default judgment taken against a defendant who had been represented by counsel who thereafter withdrew. The lay defendant, through counsel, had answered and counterclaimed, and participated in extensive and expensive discovery. After his attorney withdrew, that defendant in responding to the notice of the withdrawal, contacted the court clerk—as is documented. *Id.* at 537, 650 P.2d 677. Essentially overruling *Hovey v. Elliott,* 167 U.S. 409, 17 S.Ct. 841, 42 L.Ed. 215 (1897), the majority of the Idaho Court punished the defendant for not utilizing *written* notice—saying that the technical failure "justified a presumption that he abandoned his defense." *Id.* at 540, 650 P.2d 677. All of this the majority did notwithstanding a dissenting opinion by Justice McFadden which pointed to the three day rule of I.R.C. 11(b)(3), and the

previous policy of the Court that default judgments are not favored. *Id.* at 541, 650 P.2d 677 (McFadden, J., dissenting).

Briefly commenting on the dissenting opinion of Bakes, J., and his concern that today's opinion "will prove very mischievous in future cases," I pause to note that the proliferation of over-technical rules which have been promulgated by this Court has already demonstrated a *past* history of mischief—of which *Sherwood & Roberts v. Riplinger* is an outstanding example—and the reading of which I commend to those who have not heretofore done so. To be forewarned is to be forearmed.

BAKES, Justice, dissenting:

The issue in this case concerns the meaning of the following phrase from I.R.C.P. 55(b)(2), which provides that when a party wants to obtain a default judgment, "[if] the party against whom judgment by default is sought *has appeared* in the action, he shall be served with written notice of the application for judgment at least three (3) days prior to the hearing on such application." It is uncontested in this case that neither the defendant Arvidson, nor any attorney on his behalf, had filed any written appearance, answer, motion or other pleading in the court file. Nevertheless, the majority states that because he had a communication with the plaintiff's attorney, and because he voluntarily attended the deposition of another person which was taken in Utah, the defendant Arvidson had "appeared" in the action, and therefore the three-day notice required by I.R.C.P. 55(b)(2) was required. Not only is that result an improper stretching of the definition of appearance in order to get a particular result in this case, but it will prove to be very mischievous in future cases.

A simple example will illustrate the illogical and undesirable consequences of the action which the majority has taken today. While Mr. Arvidson was personally served with a copy of the summons and complaint in this action, suppose that he had not. Nevertheless, under I.R.C.P. 4(i) a voluntary appearance in an action "is equivalent

to personal service of the summons and a copy of the complaint .... " Therefore, if the majority is correct that merely communicating with the plaintiff's attorney, and voluntarily attending another person's deposition out of state is an appearance in the action, then those same two acts would be sufficient to render a personal judgment even *without* service of the summons and complaint because of the interplay of Rule 55(b)(2) and Rule 4(i). The very thought that judgment could be taken against a person who has neither been served with process nor has made a voluntary written appearance in an action, either individually or by counsel, is repugnant to our basic concepts of due process; nevertheless, under the expanded definition of "appearance" which the majority adopts in this case, that is precisely what can now occur.

The word "appearance" is a word of art under the Rules of Civil Procedure, and should not be stretched to mean something it was never intended to mean. In addition to the problem of a person who has not been served with a summons and complaint but nevertheless winds up with a personal judgment against him because he has called one of the attorneys or showed up at somebody's deposition, another practical problem will face the trial courts in this state who now will not be able to determine whether an appearance has been made merely by examining the court file. How will a trial judge be able to tell whether or not a three-day notice is required if an appearance can result from something which is not reflected by a filing in the court file? Must the trial courts interrogate the parties to determine whether or not a person against whom a default judgment is proposed has called one of the attorneys, or happened to show up at some deposition? What if he called one of the parties rather than one of the attorneys—would that be sufficient for an appearance?

All of these problems could be avoided if the Court would follow the recognized meaning of the word "appearance" in Rule 55(b)(2) and not twist and stretch it out of shape in order to achieve a particular result in this case.

Other courts considering the same question have recognized the formality necessary in defining the word "appearance." The typical definition usually reads, "An appearance is ordinarily an overt act by which a party comes into court and submits himself to its jurisdiction." *Anderson v. Taylorcraft,* 197 F.Supp. 872 (W.D.Pa.1961); *see also Jones v. Roberts Marble Co.,* 90 Ga.App. 830, 84 S.E.2d 469 (1954); *Jones v. Main,* 196 Kan. 91, 410 P.2d 303 (1966). An appearance is sometimes broadly defined as any action on the part of defendant; other courts have clarified that broad statement by noting that "although an act of defendant may have some relation to the cause, it does not constitute a general appearance, if ... *no affirmative action is sought by the court.*" (Emphasis in original.) *Anderson v. Taylorcraft, supra* at 874.

Because an appearance must be defined as a coming into court, the actions of the defendant in the present case, which were all outside the court, could not have constituted an appearance. At no time did he submit himself to the court. His attendance at the deposition of another party in Utah, and his communications with plaintiff's attorney could not have been known to the court. Since the court itself was probably unaware of the defendant's actions, it had no way of determining that the defendant Arvidson had made an appearance before his court. Other courts, when faced with a situation where a defendant's participation was limited to participation in preliminary or collateral proceedings, have held that such participation does not constitute an appearance before the court. *See Smith v. Gamma Constr. Co.,* 387 So.2d 188 (Ala.1980) (submission to deposition did not constitute appearance); *Hansher v. Kaishian,* 79 Wis.2d 374, 255 N.W.2d 564 (1977) (letter to plaintiff's attorney); *Booth v. Magee Carpet Co.,* 548 P.2d 1252 (Wyo.1976) (telephonic communication).

I would affirm the judgment of the trial court.