710 P.2d 18

**BROWN'S TIE & LUMBER COMPANY, a corporation, Plaintiff-Respondent,**

v.

**Douglas KIRK, Defendant-Appellant.**

**No. 15504.**

Court of Appeals of Idaho.

Dec. 9, 1985.

**590**

Darrel W. Aherin, Lewiston, for appellant.

Charles F. McDevitt and Celeste Kim Vernetti (Givens, McDevitt, Pursley, Webb & Buser), of Boise, and Robert H. Remaklus, of Cascade, for respondent. Charles F. McDevitt argued.

BURNETT, Judge.

The question presented is whether a default judgment, quieting title to a mining dredge, should be set aside. The judgment was entered by a magistrate in favor of Brown's Tie & Lumber Co., the owner of land where the dredge was located. An adverse claimant, Douglas Kirk, later appeared and sought relief from the judgment. Relief was denied. On appeal, the district court conducted a de novo hearing and entered its own order denying relief. The instant appeal followed. We affirm.

This suit was filed many years after the dredge had fallen into disuse. It somehow came to be located on the landowner's property at McCall, Idaho. Deeming the machinery to serve no productive purpose, the landowner sought a quiet title in order to dispose of it. The landowner's complaint alleged that unsuccessful efforts had been made to identify and to find the owner of the dredge. The complaint named as defendants certain persons or entities, other than Douglas Kirk, believed to have some interest in the machinery. It also referred to "any and all unknown owners and persons claiming an interest." A summons was served by publication. When no one answered the complaint, a quiet-title decree was issued by default.

Seventeen months later, Kirk claimed the dredge and moved to set the judgment aside. Due to the length of time that had elapsed between the judgment and Kirk's motion, relief was available only upon a showing that the judgment was "void" under I.R.C.P. 60(b)(4). Kirk alleged—and he continues to argue now—that the judgment was "void" because service of process by publication was inadequate and because the landowner failed to establish an entitlement to the machinery. The magistrate rejected these arguments, as did the district court. The district judge also made a "finding of fact" that Kirk had not presented a theory upon which he could "prevail" even if the default judgment were set aside. In the present appeal, Kirk challenges this "finding" upon the ground that one seeking to set aside a default judgment need only establish a meritorious defense. *See, e.g., Hearst Corp. v. Keller,* 100 Idaho 10, 592 P.2d 66 (1979). However, we need not decide whether, or to what extent, a meritorious defense must be shown in order to gain relief under Rule 60(b)(4). As we now shall see, the underlying predicate of a "void" judgment has not been established in this case.

Our Supreme Court has held:

In order for a judgment to be void, there generally must be some jurisdictional defect in the court's authority to enter the judgment, either because the court lacks personal jurisdiction or because it lacks jurisdiction over the subject matter of the suit. 7 MOORE'S FEDERAL PRACTICE § 60.25[2] (2d ed.1975).

*Puphal v. Puphal,* 105 Idaho 302, 306, 669 P.2d 191, 195 (1983), *quoting First Security Bank v. Neibaur,* 98 Idaho 598, 605 n. 4, 570 P.2d 276, 283 n. 4, (1977). Kirk argues that the magistrate acquired no personal jurisdiction over him because service of process was accomplished only by publication. This, he contends, is insufficient.

■ Kirk's argument must be viewed with an awareness that a quiet-title action is principally *in rem.* Jurisdiction lies where the property is located. *Durfee v. Duke,* 375 U.S. 106, 84 S.Ct. 242, 11 L.Ed.2d 186 (1963). The parties are those who assert some claim to the property. Where, as here, these parties and their claims are alleged to be unknown, the law must, as a practical matter, provide for notice of proceedings other than by direct personal service. In Idaho, service by publication is an authorized means of giving notice to unknown parties. *See* I.R.C.P.

Rule 4(e)(1); I.C. § 5–508. The validity of such notice generally has been upheld:

> In some jurisdictions the statutes permit service of process in actions to quiet title by publication against unknown owners, claimants, or heirs, and whether such persons are residents or nonresidents is immaterial. These statutes have been held invalid in some jurisdictions, but in most jurisdictions their validity has been sustained. However, the statutes must be strictly construed and followed, and service by publication is not authorized where plaintiff has knowledge, or the means of acquiring knowledge, of the names of owners or claimants alleged to be unknown.

74 C.J.S. *Quieting Title* § 50(b) at 73 (1951) (footnotes omitted).

■ Here, the district judge took evidence on the question whether the landowner knew, or had a means of knowing, Kirk's identity and his claim. Kirk presented testimony that he had obtained consent to store the dredge on the landowner's property from one of the landowner's employees. The testimony further indicated that Kirk had been present when the dredge was moved to the site. However, counsel for the landowner testified that he contacted the state mining inspector, consulted the public record and made other efforts to identify the owner of the dredge. A principal in the landowner's business testified that he had been unaware of who owned the dredge, that he had questioned the employees about it, and that none of them indicated any knowledge of the owner. Upon this conflicting evidence, the district court found that the landowner had not known who owned the dredge but had made diligent efforts to find out. The court also found that Kirk had not taken reasonable care to inform the landowner of his interest in the dredge. These findings are supported by substantial evidence and will not be disturbed. I.R.C.P. 52(a); *Rasmussen v. Martin,* 104 Idaho 401, 659 P.2d 155 (Ct.App.1983). Accordingly, we hold that service by publication was permissible and that the trial court thereby acquired personal jurisdiction.

We next consider Kirk's contention that the decree was "void" because the landowner proved no entitlement to the dredge. This contention rests upon the rule that a plaintiff in a quiet-title action must succeed on the strength of his own title, not the weakness of his adversary. *E.g., Pincock v. Pocatello Gold & Copper Mining Co.,* 100 Idaho 325, 597 P.2d 211 (1979). Here, Kirk argues, the evidence merely shows that the dredge had been abandoned, not that the landowner had any right to it. He suggests that if the dredge actually had been abandoned, title would have escheated to the State of Idaho and would not have devolved to the landowner. But even if we assume that Kirk's analysis is correct, it does not render the judgment void.

■ A judgment is not void merely because it is erroneous, unless the error is jurisdictional. 11 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2862 (1973). A judgment incorrectly interpreting a rule of law does not divest the court of jurisdiction over the subject matter or over the parties. *See, e.g., Nieman v. Nieman,* 105 Idaho 796, 673 P.2d 396 (1983) (judgment holding military retirement benefits to be community property is not "void" by reason of subsequent United States Supreme Court decision to the contrary). "If the judgment is erroneous, the unsuccessful party's remedy is to have it set aside or reversed in the original proceeding." RESTATEMENT (SECOND) OF JUDGMENTS § 17 comment d (1982).

We conclude that the judgment in this case is not "void" within the meaning of Rule 60(b)(4). The district court's order, denying Kirk's motion to set aside the default judgment, is affirmed. Costs to the respondent. No attorney fees on appeal.

SWANSTROM, J., and McFADDEN, J. Pro Tem, concur.