780 P.2d 593

**Gaylord PHILLIPS,
Plaintiff–Respondent,**

v.

**Ruby C. MILES, Defendant–Appellant,**

and

**Peter D. Miles, Defendant.**

No. 17697.

Court of Appeals of Idaho.

Sept. 28, 1989.

Ruby C. Miles, of Grace, appellant pro se.

David H. Maguire, Ward, Maguire, Bybee & Kline, Pocatello, for plaintiff-respondent.

HART, Judge Pro Tem.

Ruby Miles brings this appeal after the district court for Bannock County refused to set aside a default judgment against her and in favor of Gaylord Phillips. On appeal, Miles contends the court erred in failing to notify her three days prior to entry of default and that the judgment should be set aside for mistake, inadvertence or excusable neglect. We affirm the holding of the district court but do not preclude Miles from seeking whatever legal remedies may be available against other parties not named in this action.

Peter and Ruby Miles executed a promissory note in favor of Barry and Julia Christensen in 1984. The Christensens assigned the note to the plaintiff Gaylord Phillips. In the meantime, the Miles were divorced. On November 3, 1987, Phillips filed a complaint seeking to enforce the note. Summons was served on Miles on or before November 20. During December, a short correspondence occurred between Miles and Phillips' attorney, Martin P. Ward, regarding possible settlement. No answer was submitted at this time. Ward mailed a letter to Miles on January 13, 1988, rejecting her settlement proposal, stating terms under which his client would settle, and giving assurances that a judgment would be pursued. On March 16, a clerk's default was entered against Miles. Judgment was entered by the district court on April 6.

Miles, appearing pro se, filed a motion on May 13 to set aside the default judgment. She contended in her affidavit that her settlement negotiations with Ward qualified as an "appearance" for purpose of obtaining a three-day notice prior to entry of default under I.R.C.P. 55(b)(2). Furthermore, Miles argued she had meritorious defenses and that the judgment should be set aside on the basis of mistake, inadvertence or excusable neglect pursuant to I.R.C.P. 60(b). After hearing oral argument on these issues, the district court denied the motion to vacate the judgment.

Miles appeals this order, arguing that the court abused its discretion. She also argues the court erred as a matter of law by incorrectly applying I.R.C.P. 55(b)(2) to the facts of this case.

We first examine Miles' contention that her contact with the plaintiff's attor-

ney regarding possible settlement of the case constituted an "appearance" for the purpose of qualifying for the three-day notice prior to entry of default judgment. Miles relies upon *Newbold v. Arvidson,* 105 Idaho 663, 672 P.2d 231 (1983). The Idaho Supreme Court held in *Newbold* that conduct where a defendant had contacted the opposing attorney and had appeared at a deposition was sufficient to indicate that he intended to defend. We have interpreted the significant events in *Newbold* to be the defendant's attendance at a deposition coupled with the opposing counsel's acknowledgement that the defendant represented himself. *Olson v. Kirkham,* 111 Idaho 34, 720 P.2d 217 (Ct.App.1986). However, we held in *Olson* that mere contact with the opposing attorney regarding settlement negotiations is not enough to constitute an "appearance" for the purpose of I.R.C.P. 55(b)(2).

The facts in the case more closely resemble the facts in *Olson.* After Miles was served with a copy of the complaint and summons she contacted the plaintiff's attorney, Ward, for the purpose of settlement. A month later Ward responded with a letter rejecting her settlement offer and giving assurances of pursuing a final judgment. Miles never retained an attorney. She never responded to the letter, but allowed the matter to lay idle. Two months later a default judgment was obtained by Phillips. Since Miles failed to make an appearance, she was not entitled to the three-day notice. I.R.C.P. 55(b)(2). The district court judge did not err by refusing to vacate the judgment.

Next, we examine whether the court abused its discretion in failing to set aside the default judgment for mistake, inadvertence or excusable neglect. Under Rule 60(b) in reviewing such an exercise of discretion, we inquire whether the judge has made specific findings to which the Rule 60(b) criteria have been applied. If so, our review is deferential under the standard enumerated in *Avondale on Hayden, Inc. v. Hall,* 104 Idaho 321, 658 P.2d 992 (Ct.App.1983). If not, we independently exercise our own discretion, as explained in *Johnson v. Pioneer Title Co.,* 104 Idaho

727, 662 P.2d 1171 (Ct.App.1983) (review denied). Here, no such findings were made; accordingly, our review is independent.

In order to establish excusable neglect, the moving party must show that he or she engaged in conduct which—while constituting neglect—was excusable because an ordinarily prudent person might have done the same thing under the circumstances. *Schraufnagel v. Quinowski,* 113 Idaho 753, 747 P.2d 775 (Ct.App.1987). In this case, the record reflects that attorney Ward sent, and Miles received, a letter dated January 13, 1988. The last sentence states "We intend to proceed to take this matter to judgment. If you have any questions, please advise." Default judgment was not obtained for two months after this letter was delivered and during which no answer was filed. Under these circumstances, we agree with the district judge that the default judgment should not be disturbed. The neglect evidenced here was not excusable. Accordingly, we need not address the question of whether a meritorious defense existed. *See Reeves v. Wisenor,* 102 Idaho 271, 629 P.2d 667 (1981); *Baldwin v. Baldwin,* 114 Idaho 525, 757 P.2d 1244 (Ct.App.1988).

However, we note that these defenses are predicated upon alleged misconduct by other individuals including the assignor of the promissory note in question. We intimate no view on the substance of these allegations. Neither does our decision here necessarily extinguish them. *See* RESTATEMENT (SECOND) OF JUDGMENTS § 26(1)(B) (1982).

Phillips asks for attorney fees on appeal pursuant to I.C. § 12–120(3). In determining the amount to be awarded, it is appropriate to consider the factors listed under I.R.C.P. 54(e)(3). *Spidell v. Jenkins,* 111 Idaho 857, 727 P.2d 1285 (Ct.App.1986). The district court awarded attorney fees in the amount of $10,000. The amount of attorney fees awarded at trial is an appropriate factor in determining the award of attorney fees on appeal under I.C. § 12–120(3). I.R.C.P. 54(e)(3)(K). We con-

845

clude that the amount awarded by the district court is sufficient to compensate Phillips for all reasonable attorney fees, including those incurred on appeal. No further award will be made.

In conclusion, we uphold the order of the district court, allowing the default judgment to stand. Costs (exclusive of attorney fees) to respondent on appeal.

BURNETT and SWANSTROM, JJ., concur.