797 P.2d 868

**Laura Waters ELLIS, Plaintiff–Respondent,**

v.

**Irl K. ELLIS, Defendant–Appellant.**

**No. 18238.**

Court of Appeals of Idaho.

Aug. 14, 1990.

Petition for Review Denied Oct. 3, 1990.

Weinpel, Woolf, Just, Combo & Davis, Idaho Falls, for defendant-appellant. Marc J. Weinpel argued.

Cox, Ohman & Brandstetter, Idaho Falls, for plaintiff-respondent. Dean Brandstetter argued.

WALTERS, Chief Judge.

This appeal is taken from a district court decision upholding a magistrate's order denying the husband's motion to set aside a

default judgment in a divorce action. The issues we address are: first, whether the trial court violated the requirements of I.R.C.P. 55(b)(2) when it made an award which allegedly was contrary to Idaho's community property statutes; second, whether, under I.R.C.P. 55(b)(2), the husband was entitled to notice of the wife's application for default judgment; third, whether the trial court abused its discretion in denying the husband's motion for relief from the judgment under I.R.C.P. 60(b)(1), (3), and (6); and finally, whether the trial court erred by entering a default judgment in an amount greater than that sought in the complaint. We affirm the decision of the district court except for that portion of the magistrate's judgment which awards attorney fees in excess of the fee amount prayed for in the complaint. We remand the case for entry of an amended judgment.

The facts are as follows. On November 2, 1987, Laura Ellis filed for divorce from Irl K. (Ike) Ellis after twenty-five years of marriage. On the same day, Ike received the complaint, the summons and an order to show cause relating to preservation of the parties' assets and to payment of a retainer for the plaintiff's attorney's fees. Ike failed to file an appearance or to appear in person at the hearing on the order to show cause. On December 2, 1987, Laura filed an amended verified complaint for decree of dissolution of the marriage. Ike received the amended pleadings yet, again, made no response. Laura applied to the court for default judgment and after a hearing held on April 5, 1988, the magistrate entered a decree of dissolution of the marriage, granting Laura a divorce on the grounds of extreme cruelty. The decree awarded Laura maintenance of $500 per month; divided the community property of the parties; directed Ike to pay and keep current Laura's health and accident insurance; directed Ike to pay outstanding obligations of the parties; and awarded $710 in attorney fees and costs.

Ike failed to comply with the decree. On December 21, 1988, Laura sought an order to show cause in re contempt seeking enforcement of the divorce decree. On January 13, 1989, at the hearing on the motion for the order to show cause, Ike made his first appearance since the action was filed. On February 15, 1989, Ike filed a motion for relief from the default judgment.

At the hearing on Ike's motion, Ike argued that the judgment was void because the court misapplied the Idaho divorce statutes when granting the default judgment. Ike also asserted that Laura, just prior to the time she applied for default judgment, discussed the pending litigation with him.[1] Ike maintained that this discussion with Laura created a sufficient intent to defend the action, on his part, to entitle him to a three-day written notice prior to entry of default judgment under I.R.C.P. 55(b)(2). Alternatively, Ike claimed that his failure to defend was due to mistake, inadvertence, surprise or excusable neglect. Ike also argued that Laura's conduct constituted misrepresentation and overreaching and that equity dictated that he be released from the default judgment in order to reach a judgment on the merits of the action. The magistrate denied Ike's motion. On appeal, the district court affirmed the magistrate's order. We address each issue in turn.

Initially we note the standard of review. Where the issues before us are the same as those considered by the district court sitting in its appellate capacity, we review the trial record with due regard for, but independently from, the district court's decision. *Hentges v. Hentges*, 115 Idaho 192, 765 P.2d 1094 (Ct.App.1988). A trial court's decision on a motion for relief from default judgment will not be disturbed on appeal unless it represents an abuse of discretion. *Avondale on Hayden, Inc. v. Hall*, 104 Idaho 321, 658 P.2d 992 (Ct.App. 1983).

---

**1.** Ike maintained that during the discussions with Laura she indicated she would not pursue the divorce action. However, Ike did not raise a legal argument which this factual allegation would support. Ike did not raise an estoppel argument nor did he argue that this judgment was procured by fraud.

## I

We now turn to Ike's first argument on appeal. Ike maintains that the trial court erred when it refused to relieve him from the default judgment. Idaho Rule of Civil Procedure 55(b)(2) states in pertinent part that:

[T]he party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least three (3) days prior to the hearing on such application.... *In actions for divorce, the statutes of the state of Idaho shall apply.* Any application for a default judgment must contain written certification of the name of the party against whom the judgment is requested and the address most likely to give him notice of such default judgment, and the clerk shall use such address in giving such party notice of judgment. (Emphasis added.)

Relying on the above emphasized language, Ike maintains that the default judgment against him was improper under I.R.C.P. 55(b)(2) because the magistrate incorrectly applied two statutes: I.C. § 32–712 regarding division of property in a divorce action and I.C. § 32–705 regarding maintenance awards. To support his argument, Ike sets forth factual allegations purporting to demonstrate how the property distribution was inequitable and the maintenance award was improper.

We are unpersuaded with the underlying premise of Ike's argument that the emphasized provision of I.R.C.P. 55(b)(2) provides him with an opportunity to collaterally attack the judgment of the trial court as a method for setting aside default judgment. Our analysis begins with an examination of rule 55(b)(2). It is a general rule of statutory construction that courts should not nullify a statute or deprive a law of potency or force unless such course is absolutely necessary. *Maguire v. Yanke,* 99 Idaho 829, 590 P.2d 85 (1978). Ike's assertion, that the emphasized provision in I.R.C.P. 55(b)(2) creates a requirement that a court comply with community property statutes prior to entering an award pursuant to a default judgment, is misguided.

We note that, when Idaho Rule of Civil Procedure 55(b)(2) was adopted, an Idaho statute required that the residency of a divorce applicant be corroborated before a default judgment could be entered in a divorce proceeding. I.C. § 32–703 (1982). This statute was amended in 1983 by deleting the corroboration requirement. It is obvious that the provision in I.R.C.P. 55(b)(2), relied upon by Ike, was designed solely to incorporate the then existing statute which required corroboration of residency requirement before a default judgment could be granted in a divorce action. In other words, the default-judgment rule of procedure remained subject to the statute addressing default judgments; the courts were *not* free to grant such a judgment without adhering to the corroboration requirement mandated by the statute. Once the residency-corroboration requirement in the statute was repealed, there remained no other "statutes of the State of Idaho" applicable to the default judgment rule "in actions for divorce." We conclude that nothing in the history of the rule suggests the broad construction Ike proposes, that is, compliance with all *other* statutes pertinent to dissolution of marriages. The rule simply is applicable only to *the entry of defaults,* as a procedural matter, and does not encompass all other statutes which do not express any legislative policy with regard to judgments by default.

We also note that, contrary to Ike's position, a judgment is not void merely because it might be erroneous, unless the error is jurisdictional. *See Brown's Tie & Lumber Co. v. Kirk,* 109 Idaho 589, 710 P.2d 18 (Ct.App.1985). Here, Ike chose not to contest the action. Instead, he ignored the court summons and allowed the default

judgment to be entered. Afterward, he did not appeal from the judgment. As Ike has not otherwise provided suitable grounds to set aside the default judgment under the Idaho Rules of Civil Procedure, *see* discussion in Parts II and III, *infra*, he is precluded from challenging the trial court's award so long as the trial court operated within its jurisdiction as provided by the rules. Consequently, Ike's assertion that the magistrate's alleged misapplication of the Idaho divorce statutes provides him with a method of relief from a default judgment is not well taken.

## II

 We now turn to Ike's contention that the trial court erred when it granted a default judgment without first providing him with prior written notice. As noted above, I.R.C.P. 55(b)(2) provides that where a party against whom default judgment is sought has appeared in the action, that party shall be served with written notice of the application for judgment at least three days prior to the hearing on such application. Conduct on the part of a defendant which indicates an intent to defend against the action may constitute an appearance within the meaning of this rule. *Newbold v. Arvidson*, 105 Idaho 663, 672 P.2d 231 (1983). Ike asserts that, prior to Laura's application for a default judgment, he and Laura discussed the terms of a settlement proposal and that he continually indicated to her that he could not comply with the provisions of the division of property and payment of the community debts as requested in her complaint. Ike argues that this conduct demonstrated his intent to defend the action. We disagree. We conclude that such conduct is insufficient to constitute an appearance for the purpose of I.R.C.P. 55(b)(2). *See Olson v. Kirkham*, 111 Idaho 34, 720 P.2d 217 (Ct.App.1986); *Phillips v. Miles*, 116 Idaho 842, 780 P.2d 593 (Ct.App.1989).

## III

 We next examine Ike's contention that the trial court erred when it refused to set aside the default judgment under I.R.

C.P. 60(b)(1), (3), or (6). Although I.R.C.P. 60(b) allows a default judgment to be set aside, the rule mandates that any motion to set aside a judgment *"shall* be made within a reasonable time, and for reasons (1), (2), (3) and (6) not more than six (6) months after the judgment, order, or proceeding was entered or taken." (Emphasis added). Here, Ike did not file his motion to set aside the default judgment until ten months had elapsed since entry of the judgment, thus exceeding the six-month limitation. Accordingly, we hold that the magistrate did not err by refusing to grant relief from the default judgment.

## IV

 Finally, we address Ike's argument that the judgment entered exceeded the amount prayed for in the complaint and consequently is void. As noted above, a default judgment may not exceed jurisdictional limits. *Brown's Tie & Lumber Co. v. Kirk*, 109 Idaho 589, 710 P.2d 18 (Ct. App.1985). The Idaho Supreme Court has held that "[t]he district court is without jurisdiction to enter a default judgment which differs in kind from or exceeds an amount of that demanded in the prayer of the complaint.... [I]f, through judicial error, a default judgment exceeds the demand of the complaint, the *excess* is void...." *Hayes v. Towles*, 95 Idaho 208, 211, 506 P.2d 105, 108 (1973) (citations omitted; emphasis original). Here, the magistrate awarded $710 for Laura's attorney fees. In her complaint, Laura sought $550 attorney fees in the matter if it was uncontested. Clearly, the action was uncontested. Consequently, the award of attorney fees in excess of the amount requested in Laura's complaint is void. Accordingly, we remand the case with directions to amend the judgment by changing the award of attorney fees from $710 to $550.

In sum, we conclude that the trial court, and subsequently the district court, did not err in refusing to relieve Ike from the default judgment. We also conclude that the provision in I.R.C.P. 55(b)(2), mandating that default judgments comply with Ida-

ho's divorce statutes, pertains only to those sections setting forth Idaho's residency requirements. We further hold that Ike failed to make an appearance for the purpose of the notice requirements under I.R.C.P. 55(b)(2). However, we set aside that part of the judgment awarding attorney fees in excess of the amount prayed for in the complaint. We remand to the district court with directions for the magistrate to enter an amended judgment for an attorney fee award of $550 in favor of Laura.

No attorney fees or costs on appeal are awarded.

SWANSTROM, J., and SCHILLING, J., pro tem., concur.