Justice EISMANN,
concurring in the result.
Plaintiff filed this case on May 7, 2009. She served the Defendants, and on June 19, 2009, she filed an application for the entry of default against each of them. As of that date, they had not appeared in this action.
On July 14, 2009, Plaintiffs attorney appeared at an evidentiary hearing regarding the amount of damages to be awarded. At that hearing, he informed the district court that he had received a two-page letter from the Defendants and that the salutation of the letter included the court.[7] The letter set forth the Defendants’ version of the facts and asserted that the Plaintiff had abandoned the rental property. When Plaintiffs counsel received the letter, default had not yet been entered against the Defendants. Default was not entered until September 2, 2009.
The letter was sufficient to constitute a notice of appearance and to trigger the three-day notice requirements of Rules *732 55(a)(1) and 55(b)(2) of the Idaho Rules of Civil Procedure. “The appearance required to trigger the three-day notice requirement has been broadly defined, and is not limited to a formal court appearance.” Newbold v. Arvidson, 105 Idaho 663, 665, 672 P.2d 231, 233 (1983). Conduct by a defendant which indicates an intent to defend against the action can constitute an appearance, and such conduct can include contacts between attorneys, or between plaintiffs counsel and a self-represented party. Id. (a named party’s presence and self-representation at a deposition was sufficient to constitute an appearance).
In order to set aside the default under Rule 55(e) and the judgment under Rule 60(b), there must be both a ground for relief and a meritorious defense. Clear Springs Trout Co. v. Anthony, 123 Idaho 141, 143, 845 P.2d 559, 561 (1992); Marco Distrib., Inc. v. Biehl, 97 Idaho 853, 856, 555 P.2d 393, 396 (1976). In this case, there is ground for relief based upon the failure of Plaintiffs counsel to give the Defendants the three-day notice of the application for entry of default and for a default judgment. When Plaintiffs counsel received the letter from Defendants, he should have realized that the letter constituted an appearance. Because default had not yet been entered, he should not have proceeded without serving the Defendants with three-days written notice of the application for entry of default as required by Rule 55(a)(1). Even had default already been entered, the hearing on July 14, 2009 was to determine the amount of damages. “Once the valid default is taken, the defaulting party usually is entitled to participate in any hearing necessary for the adjudication of damages. At a hearing, the defaulting party may contest the amount claimed.” 46 Am. Jur.2d Judgments § 299 (2006). Even if Plaintiffs counsel believed that default had already been entered, he should have known that once the Defendants appeared he could not proceed with the hearing on damages in order to determine the amount of the default judgment without giving them the three-days written notice required by Rule 55(b)(2). He should not have gone forward without complying with that rule. The failure of Plaintiffs counsel to comply with Rules 55(a)(1) and 55(b)(2) of the Idaho Rules of Civil Procedure constitutes a sufficient ground to set aside the entry of default under Rule 55(c) and the default judgment under Rule 60(b)(4). Newbold v. Arvidson, 105 Idaho 663, 666, 672 P.2d 231, 234 (1983).
In order to have the judgment declared void for the failure to comply with Rules 55(a)(1) and 55(b)(2), the Defendants must demonstrate that they have a meritorious defense. Meyers v. Hansen, 148 Idaho 283, 289, 221 P.3d 81, 87 (2009). I agree with the majority that the Defendants have made a sufficient showing of a meritorious defense, and I would add that the meritorious defense can also include a defense to the amount of damages claimed, including whether the Plaintiff is entitled to punitive damages and, if so, the amount to be awarded.
Even though the district court’s setting aside the default judgment was based upon an erroneous theory, we can affirm it on the correct theory. Newbold, 105 Idaho at 666, 672 P.2d at 234.

. The Defendants may have failed to mail a copy of the letter to the court because Rule 4(b)(2) of the Idaho Rules of Civil Procedure, which sets forth the form of a summons, required that the summons include the mailing address of Plaintiff’s counsel, but it did not require that it include the mailing address of the court.