## MARCHMAN *v.* FOWLER *et al.*

FISH, C. J.    Where an executory contract for the sale of two separate and distinct parcels of land for a stated lump consideration for both parcels, to be paid before a given time by the purchaser, stipulated: "It is expressly agreed and understood that this trade is made subject to the examination of titles by an attorney, and a reasonable length of time is to be allowed each party for this purpose. If titles are good and merchantable, this deal is to be closed by October 10th; but in case titles to either piece of property are not good and merchantable and can not be made good and merchantable in a reasonable length of time, this trade is to be void and canceled, and I [the vendor] agree to return the fifty dollars earnest money to [the vendee]." *Held:* Aside from the question whether the contract was conditional or was absolute with a covenant to make a good and merchantable title, the contract in unequivocal terms expressly stipulated that it should be void if the vendor's title to either parcel should, on investigation, be found not good and merchantable and if his title to such parcel could not be made good and merchantable within a reasonable time, the contract thereby declaring what should be the result upon the happening of the contingency named; and therefore where at the time of the execution of the contract the vendor had no title, either colorable or otherwise, to one of the parcels of realty, the rule could not be applied that the vendee of real estate may have a decree for specific performance in so far as the vendor is able to comply with the contract, with compensation for his inability to comply in part. The foregoing facts appearing from a petition brought by the vendee against the vendor for specific performance of such contract, the court did not err, in view of what has just been ruled, if for no other reason, in dismissing the petition on general demurrer.    *Judgment affirmed.    All the Justices concur.*
                    AUGUST 19, 1916.

Petition for specific performance. Before Judge C. S. Reid. DeKalb superior court.    April 30, 1915.

*N. A. Morris* and *George D. Anderson,* for plaintiff.

*D. W. Blair,* for defendants.