526 P.2d 181

**Gordon LUKE and Eola D. Luke, husband and wife, Plaintiffs-Respondents,**

v.

**Howard CONRAD et al., Defendants-Appellants.**

**No. 11546.**

Supreme Court of Idaho.

Aug. 1, 1974.

Rehearing Denied Sept. 20, 1974.

J. Robert Alexander of Benoit, Alexander & Harwood, Bert Larson of Parry, Robertson, Daly & Larson, Twin Falls, for defendants-appellants.

Richard K. Smith, of Parsons, Smith & Pedersen, Burley, for plaintiffs-respondents.

McQUADE, Justice.

This appeal arises out of the plaintiffs-respondents', Gordon and Eola Luke's, action for specific performance of a written agreement for the conveyance of farm land entered into with the defendants-appellants, Howard and Mary Conrad. The respondent Gordon Luke contacted the appellant Howard Conrad through a real estate agent and entered into negotiations for the purchase of a 640 acre farm. On July 10, 1972, the appellant, Howard Conrad, and the respondent, Gordon Luke, signed an earnest money agreement in which the appellant agreed to convey the 640 acre farm to the respondent. The Earnest Money Agreement contemplated that a land sale contract would be entered into by the parties. The appellants' attorneys drafted a land sale contract and submitted it to the respondents for their signatures. The respondent Gordon Luke contacted the appellant Howard Conrad and requested that additional terms be placed in the land sale contract, and it was returned to the appellants' attorneys. A revised land sale con-

tract was drafted and sent to the respondents, and they signed the contract. The appellants refused to sign the revised land sale contract and refused to convey the 640 acre farm.

During the negotiations for the purchase of the 640 acre farm, the respondent Gordon Luke believed that the entire farm was owned by Conrad Land and Livestock, Inc. The corporation is owned by the appellants, and the appellant Howard Conrad serves as its president. It was subsequently determined that the corporation did not own all of the farm land, but 320 acres were owned by Conrad and his wife as community property.

Upon the appellants refusal to convey the 640 acre farm, the respondents filed an action seeking damages and specific performance of the Earnest Money Agreement. Affidavits and depositions were filed with the trial court, and both the appellants and the respondents filed motions for summary judgment. The trial court rendered a memorandum decision and signed an order for summary judgment which directed specific performance of the Earnest Money Agreement. This appeal is from the summary judgment.

The following provision of the Earnest Money Agreement shows that it contemplated that a land sale contract would be entered into by the parties which would include the details of the financing and the conveyance:

"In case the Buyer shall fail to promptly perform any convenant or agreement aforesaid and to do all things necessary and prerequisite to the consummation of this sale, the Seller may declare a forfeiture of this contract, and all rights of the Buyer shall cease and payments made by him may be retained by the Seller as liquidated damages, and not as a penalty, or the Seller may pursue any other remedy available under the laws of the State of Idaho. In any action brought upon this agreement, the prevailing party shall be entitled to reasonable attorney fees."

The trial court recognized the incompleteness of the Earnest Money Agreement as a final statement of the terms of the conveyance because it ordered that,

"[S]pecific performance of that certain agreement for conveyance of real property owned by the Defendants and set out in Exhibit 'A' attached to the complaint and in the Contract of Sale signed by Plaintiffs . . ."

Since the Earnest Money Agreement was incomplete and not a final statement of the terms of conveyance, the trial court erred as a matter of law in ordering specific performance.[1] The judgment for the respondents is reversed and on remand the trial court is directed to enter a judgment for the appellants.

Costs to appellants.

SHEPARD, C. J., and DONALDSON, McFADDEN and BAKES, JJ., concur.

1. Anderson v. Whipple, 71 Idaho 112, 227 P.2d 351 (1951); Locklear v. Tucker, 69 Idaho 84, 203 P.2d 380 (1949); Morgan v. Firestone Tire & Rubber Co., 68 Idaho 506, 201 P.2d 976 (1949).