549 P.2d 274
Lyle J. ROBISON and James Christiansen, Plaintiffs-Appellants,

v.

Dean COMPTON and Carol B. Compton, husband and wife, Defendants-Respondents.

No. 11980.

Supreme Court of Idaho.
April 26, 1976.

J. Kent Jolley, Jolley & Eames, Rexburg, for plaintiffs-appellants.

Herman E. Bedke, Nielson & Bedke, Burley, for defendants-respondents.

## DONALDSON, Justice.

On August 9, 1973, plaintiffs-appellants Lyle J. Robison and James Christiansen executed an Earnest Money Agreement and tendered it to defendants-respondents Dean and Carol Compton, seeking to purchase some 4,000 acres of farmland from the respondents. Respondents signed the Agreement on August 17, 1973. Subsequently, a preliminary title report revealed that Rita Compton Bateman, the mother of Dean Compton, owned part of the property to be conveyed. Mrs. Bateman, however, refused to join in a conveyance and respondents were unable to convey the land to appellants. Appellants filed this action seeking damages and specific performance of the Earnest Money Agreement.[1] After answering the complaint, respondents filed a motion for summary judgment; oral arguments together with written affidavits were presented to the district court on this motion.

The district court granted the motion, relying on this Court's decision in *Luke v. Conrad,* 96 Idaho 221, 526 P.2d 181 (1974). In *Luke* plaintiffs had sought to specifically enforce an Earnest Money Agreement after defendants refused to sign the revised draft of a land sales contract. Specific performance was denied on the ground that the Earnest Money Agreement was an incomplete statement of the terms of the sale. This Court in the *Luke* case held that the Ernest Money Agreement contemplated that a land sales contract would be entered into by the parties which would include further details of the financing and the conveyance. That holding was supported by the fact that such a land sales contract was prepared by the parties and an attempt was made by them to negotiate its terms. In addition, the following language from the agreement was quoted to support the Court's position:

"In case the Buyer shall fail to properly perform any convenant or agreement aforesaid and to do all things necessary and prerequisite to the consummation of this sale, the Seller may declare a forfeiture of this contract, and all rights of the Buyer shall cease and payments

---

1. On appeal, appellants ask for specific performance only of the portion of the property which respondents are able to convey, with an abatement in the purchase price for the unowned portion.

made by him may be retained by the Seller as liquidated damages, and not as a penalty, or the Seller may pursue any other remedy available under the laws of the State of Idaho. In any action brought upon this agreement, the prevailing party shall be entitled to reasonable attorney fees."

In the case at bar, the district court ruled that identical language in the present Earnest Money Agreement makes the Agreement ineligible for specific performance. Reliance on this language alone, however, is inappropriate. As set forth above, the facts and circumstances of *Luke* indicated that a separate land sales contract was a prerequisite to the consummation of the sale. Only with these additional facts and circumstances can the language quoted above have the significance given to it by the district court. No similar circumstances have been established here which would allow the district court to find the Agreement incomplete as a matter of law. Hence, reliance on *Luke* was misplaced.

Nevertheless, even if the Agreement was a complete statement of the terms of the sale, appellants must still be denied the relief they seek. The Earnest Money Agreement also contains the following provision: "The earnest money deposited herein shall be refunded to Buyer and this agreement voided * * * if merchantable title cannot be delivered within a reasonable time." By including this clause in their agreement, the parties have agreed as to what the remedy will be in case of the failure or inability of the vendor to provide merchantable title. Such a stipulation is binding, at least in the absence of bad faith, and will foreclose an action for a different remedy. *Schwab v. Baremore*, 95 Minn. 295, 104 N.W. 10 (1905). *See also Marchman v. Fowler*, 145 Ga. 682, 89 S.E. 780 (1916); Annot. 148 A.L.R. 563, 566–567 (1944). Consequently, the summary judgment entered against appellants by the district court was correct. Where the order of the lower court is correct but entered on a different theory, it will be affirmed on the correct theory. *City of Weippe v. Yarno*, 96 Idaho 319, 528 P.2d 201 (1974). Summary judgment affirmed. Costs to respondents.

McFADDEN, C. J., SHEPARD and BAKES, JJ., and THOMAS, D. J., concur.