SEAL, *Appellant,*
*v.*
POLEHN, *Respondent.*
(No. 77-5-266, SC 25494)

586 P2d 345

John C. Anicker, Jr., Oregon City, argued the cause and filed a brief for appellant.

Vawter Parker, Portland, argued the cause for respondent. With him on the brief were John P. Bledsoe, and Dezendorf, Spears, Lubersky & Campbell, Portland.

HOWELL, J.

**HOWELL, J.**

This is a suit for specific performance of an earnest money receipt relating to the sale of real property. Defendant filed a demurrer to the complaint on the ground the complaint failed to state a cause of suit, contending the earnest money receipt was too indefinite to allow specific performance. The court believed the consideration was illusory, and there was no mutuality of obligation, and sustained the demurrer. Plaintiff appeals.

The agreement in question is a standard form "Earnest Money Receipt." The receipt shows that plaintiff Seal was both the purchaser and the broker for the defendant vendors. The first part of the receipt states:

> "RECEIVED FROM O. T. SEAL, A REAL ESTATE BROKER (hereinafter called 'purchaser') the sum of One Thousand and No/100 Dollars ($1,000.00) in the Form of Demand Note as earnest money and in part payment for the purchase of the following described real estate * * * for the sum of One Hundred and Seventy Four Thousand and No/100 Dollars * * *."

The receipt described the property to be sold by defendant and her now deceased husband and provided that the balance of $173,000 would be payable as follows:

> "Buyers to pay interest only on unpaid principal balance each year until principal and interest paid in full. Interest rate to be 8%. Sellers will release one lot upon payment of $5,000 by buyers. Each $5,000 paid shall be applied first to interest and balance to principal. Deeds shall be held in escrow by Jim Goodwin, Attorney with letter of instructions.
>
> "Taxes to be paid by buyers.
>
> "Contract balance to be paid in full 10 years from date of contract."

The receipt also provided that a final contract of sale was to be prepared, that if the plaintiff purchaser failed to go through with the sale the earnest money would be forfeited, and that the defendant vendor

agreed to pay plaintiff as broker $1,000 as his commission. Thus, if the plaintiff defaulted, the earnest money would be retained by defendant vendor but, at the same time, the plaintiff as broker would be entitled to his commission of $1,000.

■ In finding the agreement was unenforceable because the consideration was "illusory" and there was "no mutuality of obligation," the trial court apparently reasoned that plaintiff had given no consideration because the earnest money that supposedly would be forfeited upon his refusal to perform actually would be returned to him as his commission.

We believe the trial court misconceived the nature of the transactions between the parties. This case actually involves two contracts, one relating to the sale of the property and one relating to plaintiff's performance as broker. Plaintiff's payment of earnest money and promise to purchase the property were good consideration for the first contract and the services performed by plaintiff as real estate broker were good consideration for the second contract. Under the terms of the second contract, defendant and her husband became indebted to plaintiff in the sum of $1,000 when plaintiff secured a purchaser for them. Under the terms of the first contract, plaintiff was required to purchase the property or forfeit the $1,000 earnest money. The fact that defendant and her husband would be required to return the $1,000 received under the first contract to the plaintiff did not make the consideration illusory, as the duty to return the $1,000 resulted from the terms of a separate and independent contract. We therefore hold that the earnest money agreement was not unenforceable for lack of consideration.

Defendant argues that even if the earnest money agreement was supported by consideration on plaintiff's part, the agreement nevertheless is unenforceable by the remedy of specific performance because the terms of the agreement are too indefinite and incomplete.

We believe that the terms of the earnest money agreement were sufficiently definite so that the complaint stated a cause of suit for specific performance and that defendant's demurrer should have been overruled.

This court has frequently held that specific performance of a contract will be decreed only if the terms of the contract are definite and complete. *Landura Corp. v. Schroeder,* 272 Or 644, 539 P2d 150 (1975); *Phillips v. Johnson,* 266 Or 544, 514 P2d 1337 (1973). We also have noted, however, that in suits for specific performance as in other cases:

> "The law does not favor, but leans against the destruction of contracts because of uncertainty; and it will, if feasible, so construe agreements as to carry into effect the reasonable intentions of the parties if that can be ascertained." *Howard v. Thomas,* 270 Or 6, 10, 526 P2d 552 (1974), *quoting* 11 Williston on Contracts 813, § 1424 (3d ed 1968).

*See also Van v. Fox,* 278 Or 439, 445, 564 P2d 695 (1977).

■■ Since this case is before us on appeal from the sustaining of a demurrer, we must assume the truth of all plaintiff's well pleaded allegations and any facts that might conceivably be adduced as proof of such allegations. *Mezyk v. National Repossessions,* 241 Or 333, 405 P2d 840 (1965). Thus, we assume the earnest money agreement was intended to be a binding contract.[1] Under our holding in *Howard v. Thomas,* supra, we must therefore construe the agreement in a manner that gives effect to that intent, if such a construction is feasible.

---

[1] No contention has been made that the earnest money agreement was not intended to be a binding contract, and we find nothing on the face of the contract to support such a contention. Defendant contends that the agreement is too indefinite to be specifically enforced, an issue that is independent from the issue of whether the agreement was intended to be a binding contract in the first place. *See Phillips v. Johnson,* 266 Or 544, 514 P2d 1337 (1973).

■ Viewing the agreement in this light, we cannot say that the earnest money agreement is so indefinite and incomplete as to be unenforceable by the remedy of specific performance. The agreement *inter alia* names the parties, adequately describes the lots to be sold, recites the consideration and amount of interest to be paid, and contains the mutual promises of the parties. Although the terms of payment are not set forth in such language as might be used by a careful drafter, it appears to us upon reading the agreement in a light most favorable to plaintiff that the parties agreed to the following:

> (1) under the contract, plaintiff would be required to pay only the interest on the unpaid balance each year, subject to the overriding condition that the principal of $173,000 be paid in full 10 years from the date of the contract; and

> (2) plaintiff would be entitled to deed releases during the term of the contract upon payment of $5,000 per lot.

If these, in fact, are the terms to which the parties agreed, and at this stage of the proceedings we must assume this to be the case, we believe they are sufficiently definite and complete to support a decree of specific performance.

■ Defendant argues that the earnest money receipt is incomplete because it does not contain provisions relating to foreclosure or the terms of escrow instructions. That is true, but the earnest money agreement recites that a contract is to be prepared and the complaint alleges that defendant refuses to proceed with the agreement. Defendant is in no position to complain of the absence of certain contractual provisions common to a land sale contract when she refuses to consider a contract.[2] *See Oates v. Stump,* 279 Or 397, 569 P2d 7 (1977); *cf. Higgins v. Bonnett,* 282 Or 725, 580 P2d 180 (1978).

---

[2]Plaintiff alleges that he is willing to execute and deliver to defendant a land sale agreement as provided for in the earnest money receipt.

In order that our holding not be misinterpreted, we reemphasize the procedural posture of this case. We do not hold that this earnest money agreement entitles plaintiff to a decree of specific performance, for it may appear upon trial that no agreement was or can be reached on certain essential provisions of the contract. We merely hold that such a determination is inappropriate at the demurrer stage, at least when the agreement on its face appears to contain all the necessary provisions. *Cf. Landura Corp. v. Schroeder,* supra (indefinite provisions for contract payments); *Phillips v. Johnson,* supra (failure to designate whether sale was to be consummated by delivery of a deed or a land sale contract). As in *Howard v. Thomas,* supra, the "problems of any consequence" that concern defendant may disappear on trial or be "resolved in [defendant's favor] by the decree of the trial court." 270 Or at 13.

Reversed and remanded.