609 P.2d 156

James WOLCOTT and Bonnie Wolcott, husband and wife, Plaintiffs-Appellants,

v.

Collin BOOTH and Norma Booth, husband and wife, Defendants-Respondents.

No. 13259.

Supreme Court of Idaho.

April 1, 1980.

Michael O. Douglas, of Duffin, Douglas & Crowley, Burley, for plaintiffs-appellants.

Herman E. Bedke, of Nielson & Bedke, Burley, for defendants-respondents.

PER CURIAM.

Plaintiffs-appellants Wolcotts entered into an earnest money agreement with defendants-respondents Booth which related to the purchase and sale of real property. Thereafter, the Wolcotts brought this action for specific performance. Attached to

plaintiffs' complaint and relied upon in plaintiffs' complaint was the earnest money agreement, a printed form bearing an Idaho Association of Realtors imprint and prepared by a real estate broker. Upon defendants' motion, the district court dismissed the Wolcotts' action because their complaint failed to state a claim for relief. *Matheson v. Harris*, 96 Idaho 759, 536 P.2d 754 (1975); *Luke v. Conrad*, 96 Idaho 221, 526 P.2d 181 (1974).

We have reviewed the record and conclude that the district court did not err. Costs to respondents.

BISTLINE, Justice, specially concurring.

Although I agree with the decision to affirm the district court, I must add my own thoughts to dispel any inference from the Court's summary disposition that earnest money agreements are in toto unenforceable in Idaho. The law does not favor the destruction of contracts because of uncertainty, but rather will, if feasible, construe agreements so as to effectuate the reasonable intentions of the parties. *Seal v. Polehn*, 284 Or. 259, 586 P.2d 345, 347 (1978); *Howard v. Thomas*, 270 Or. 6, 526 P.2d 552, 554 (1974); 11 Williston on Contracts § 1424 (3d ed. 1968). "Generally, uncertainty in a subsidiary part of an agreement whose main particulars are sufficiently certain, will not prevent a decree of specific performance." *Locklear v. Tucker*, 69 Idaho 84, 90, 203 P.2d 380, 384 (1949). *See also Howard v. Thomas*, 270 Or. 6, 526 P.2d 552 (1974). Thus to grant specific performance of an earnest money agreement, it is not necessary that every possible element of the contract be spelled out; it is only necessary that the contract be "complete, definite and certain in all its

material terms, or contain provisions which are capable in themselves of being reduced to certainty." *Farber v. Dewey-Davis Estate, Inc.*, 83 Idaho 394, 398, 364 P.2d 173, 175 (1961). *Accord, Anderson v. Whipple*, 71 Idaho 112, 227 P.2d 351 (1951); *Locklear v. Tucker, supra.* A close examination of the trilogy of cases * relied on by the majority will show that those cases followed these principles, but that those cases are not controlling in the present case.[1]

In the first of those cases, *Luke v. Conrad*, 96 Idaho 221, 526 P.2d 181 (1974), this Court held that the seller was entitled to summary judgment denying the buyer specific performance. The evidence in that case showed that a land sale contract was prepared after the parties entered into an earnest money agreement, and that the original land sale contract was revised by adding additional terms to it. The sellers refused to sign this amended contract. Thus this Court was correct in holding that the earnest money agreement was not complete, that it contemplated that the parties would enter into a land sale contract which would provide the rest of the details of the transaction. Unfortunately, this Court went on to state that the following provision of the earnest money agreement contemplated that a land sale contract was needed to complete the terms of the agreement:

> " 'In case the Buyer shall fail to promptly perform any covenant or agreement aforesaid and to do all things necessary *and prerequisite to the consummation of this sale,* the Seller may declare a forfeiture of this contract, and all rights of the Buyer shall cease and payments made by him may be retained by the Seller as liquidated damages, and not as a penalty,

---

* See addendum, final page.

1. I believe the better rule of law might be that set forth in *Seal v. Polehn*, 284 Or. 259, 586 P.2d 345, 347 (1978):

   "Defendant argues that the earnest money receipt is incomplete because it does not contain provisions relating to foreclosure or the terms of escrow instructions. That is true, but the earnest money agreement recites that a contract is to be prepared and the com-

   plaint alleges that defendant refuses to proceed with the agreement. Defendant is in no position to complain of the absence of certain contractual provisions common to a land sale contract when she refuses to consider a contract."

   Nonetheless, since this Court has chosen not to adopt this rule, I will limit my discussion to an attempt to avoid misinterpretations of the rule that this Court has adopted. '

or the Seller may pursue any other remedy available under the laws of the State of Idaho. In any action brought upon this agreement, the prevailing party shall be entitled to reasonable attorney fees.' " (Emphasis added.) 96 Idaho at 222, 526 P.2d at 182.

It does not follow from *Luke* that all earnest money agreements containing that standard provision are unenforceable, however. The district court in effect so held in *Robison v. Compton*, 97 Idaho 615, 549 P.2d 274 (1976), but this Court held that such reliance on *Luke* was misplaced:

"In the case at bar, the district court ruled that identical language in the present Earnest Money Agreement makes the Agreement ineligible for specific performance. Reliance on this language alone, however, is inappropriate. As set forth above, the facts and circumstances of *Luke* indicated that a separate land sales contract was a prerequisite to the consummation of the sale. Only with these additional facts and circumstances can the language quoted above have the significance given to it by the district court. No similar circumstances have been established here which would allow the district court to find the Agreement incomplete as a matter of law. Hence, reliance on *Luke* was misplaced." 97 Idaho at 617, 549 P.2d at 276.

Thus a provision for a land sale contract alone does not render an earnest money agreement unenforceable. So long as the parties have included all the essential terms of the contract in the earnest money agreement, that agreement can be specifically enforced.

The second case relied on by the majority, *Matheson v. Harris*, 96 Idaho 759, 536 P.2d 754 (1975), summarily disposed of the earnest money agreement there in question on the basis of *Luke*. The Court held that the agreement was ambiguous "as to the description of the land in question, the assumption of a non-existent outstanding

mortgage, and the method of acceptance." Although I have some doubts as to the accuracy of that result,[2] nothing is to be gained by reviewing it at length at this time. Suffice it to state my opinion that the case was not that similar to *Luke* so as to justify its summary affirmance on the basis of *Luke*.

The third case in the trilogy, *Robison v. Compton, supra*, did not hold that the agreement was unenforceable because it was not specific enough. Rather, the Court held that the provision in the agreement that "[t]he earnest money deposited herein shall be refunded to Buyer and this agreement voided * * * if merchantable title cannot be delivered within a reasonable time" precluded specific performance where merchantable title could not be delivered "at least in the absence of bad faith." 97 Idaho at 617, 549 P.2d at 276.

In the present case, the sellers argue that the earnest money agreement is ambiguous in four respects: (1) the legal description is incomplete in that the county in which the property is located is not included in it; (2) no time limits are set on the time to obtain financing; (3) the possession date is dependent upon closing of the FMHA loan; and (4) the agreement does not say which secured interest, that of FMHA or that of the buyers, will be in first place.

As to the first contention of the sellers, the first line of the agreement states that the "following described real estate . . located in the City of Malta, County of Cassia . . . ." Since contracts are to be read in their entirety, there is no merit to sellers' first contention if the property in question, admittedly owned by the sellers, and in Cassia County, could be identified.

Sellers' second and third contentions both revolve around whether the time requirements in the agreement are specific enough. "The time of payment . . . is not necessarily an essential provision in a contract, since if no time is specified, it is usually implied that payment is to be made

---

2. In connection with considering the appeal on the sequel, *Matheson v. Harris*, 98 Idaho 758, 572 P.2d 861 (1977), I thoroughly reviewed the earlier case—prior to which time I had not been directly concerned.

within a reasonable time . . .." 71 Am.Jur.2d *Specific Performance* § 41 (1973). As stated in *Barnes v. Huck*, 97 Idaho 173, 540 P.2d 1352 (1975), in discussing whether a contract to sell farm machinery was specifically enforceable:

"'Where no time is expressed in a contract for its performance, the law implies that it shall be performed within a reasonable time as determined by the subject matter of the contract, the situation of the parties, and the circumstances attending the performance.'" 97 Idaho at 178–79, 540 P.2d at 1357–58, quoting *Curzon v. Wells Cargo, Inc.*, 86 Idaho 38, 43, 382 P.2d 906, 908 (1963).

Thus the court in *Lewis v. Lockhart*, 379 P.2d 618 (Alaska 1963), with regard to the definiteness of the time element in an earnest money agreement, held as follows:

"Since the earnest money receipt did not fix the time for payment of the balance of the purchase price, the trial court rightly looked to see if the time could reasonably be made certain. In that respect the court found that 'it is common knowledge that FHA insured loans can be processed in about 90 days to 120 days if financing is available, and if the buyers are good credit risk, and if the property meets FHA requirements' and concluded that the appellees had a reasonable time from the date of the earnest money receipt within which to process the loan and make payment to the appellants. In the decree such 'reasonable time' was established at 'not to exceed four months.'" 379 P.2d at 623. (Footnotes omitted.)

Here the buyers alleged in the complaint that they were to apply for the loan immediately on signing the agreement, and I see nothing unreasonable or unenforceable in that closing was dependent on obtaining the loan. Furthermore, the complaint charges that the FMHA loan could not be processed because of the actions of the sellers, actions which could be construed as being in bad faith, and as excusing the buyers from not

actually obtaining the loan before seeking specific performance.

Although the sellers' fourth contention as to the ambiguities in the agreement is more troublesome, again I do not find it controlling at this stage of the proceeding. This case. is before us because the trial court granted the sellers' motion to dismiss, thus holding that the buyers had not sufficiently stated a claim for relief. On a motion to dismiss, all facts alleged in the complaint must be accepted as true and construed in the light most favorable to the pleader. *Williams v. Williams*, 82 Idaho 451, 354 P.2d 747 (1960). "The motion to dismiss . . has generally been viewed with disfavor because of the possible waste of time in case of reversal of a dismissal of the action, and because the primary objective of the law is to obtain a determination of the merits of the claim." *Wackerli v. Martindale*, 82 Idaho 400, 404, 353 P.2d 782, 784 (1960). Thus we must assume that "the earnest money agreement was intended to be a binding contract," *Seal v. Polehn*, 284 Or. 259, 586 P.2d 345, 347 (1978), and we should not dismiss the case if it appears possible to effectuate that intent. I would not hold at this stage of the proceedings that this apparent ambiguity was such as to have required the court to grant the motion to dismiss. Where we have now some time ago adopted notice pleadings, it is not required that a pleading allege other than the nature of the claim.[3] Hence I do not believe that this is so essential that the buyers were preliminarily precluded from introducing evidence at trial to show that the two parties did have an understanding on this issue. This is not a material term, but rather a subsidiary part of the agreement and as such it was not absolutely necessary that it be specifically embodied in the earnest money agreement.

Thus the earnest money agreement in this case is definite enough to survive a motion to dismiss. However, I agree that the trial court was correct in dismissing this

---

3. Motions and discovery are available to develop matters not pleaded which the adversary considers to be essential.

action because of the following provision in the earnest money agreement: "It is agreed that if the title of said premises is not marketable, or cannot be made so within thirty (30) days after notice containing a written statement of defects is delivered to the Seller, *or if the Seller,* having approved said sale *fails to consummate the same* as herein agreed, the earnest money shall be returned to the Buyer and Seller shall pay for the cost of title insurance, escrow and legal fees, if any." (Emphasis added.) Under this provision, the sellers can refuse to consummate this agreement for any reason, and the buyers have no remedies beyond recovery of sums they have expended. Manifestly it is a most unusual provision.

Addendum: The trilogy referred to are the cases which I have discussed, *Luke v. Conrad, Matheson v. Harris,* and *Robison v. Compton.* After I undertook the writing of this special concurrence, a revision of the Court's opinion omitted *Robison v. Compton,* hence the trilogy was no longer a trilogy. These three cases, however, were the very cases which were cited by the trial court as authority for its equally summary disposition of the cause by dismissal of the complaint as a matter of law—in failing to state a claim upon which relief could be granted.