# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 34551

BAUCHMAN-KINGSTON PARTNERSHIP, LP, )
)
Plaintiff-Appellant, )
)
v. )
)
MELVEN J. HAROLDSEN and JANE DOE HAROLDSEN, )
)
Defendants-Respondents. )
)

Twin Falls, November 2008 Term

2008 Opinion No. 120

Filed: December 8, 2008

Stephen W. Kenyon, Clerk

Appeal from the District Court of the Seventh Judicial District of the State of Idaho, Bonneville County. Honorable Gregory S. Anderson, District Judge.

District court's decision on summary judgment is <u>affirmed</u>.

Cox, Ohman & Brandstetter, Chartered, Idaho Falls, for appellant. John M. Ohman argued.

Wright, Wright & Johnson, PLLC, Idaho Falls, for respondents. David A. Johnson argued.

———————————

J. JONES, Justice

Bauchman-Kingston Partnership, LP, sued Melven Haroldsen and his wife for specific performance or damages based upon a real property sale agreement. The district court granted summary judgment for the Haroldsens. Bauchman-Kingston appealed, and we affirm.

## I.

In May 2000, Melven Haroldsen[1] executed an agreement to sell certain real property to Bauchman-Kingston. The agreement contemplated that more than 200 acres of property would be sold incrementally over a period of five years. First, Bauchman-Kingston was to purchase 25

---

[1] Although this suit was filed against Melven and his wife, the agreement was originally signed by Melven alone.

1

acres for $10,000 per acre, described at paragraph 4 in the agreement as: "The Property commonly known as 3359 N 5 WEST, IDAHO FALLS, City of IDAHO, [sic] County of BONNEVILLE, Idaho legally described as: SO. 25 ACRES OF SE 1/4, SEC. 1, T2N, RANGE 37E." The details of the remaining conveyances were described at paragraph 8:

> BUYER AGREES TO PURCHASE THE REMAINING 175 ACRES AT $10,000 PER ACRE AS FOLLOWS:
>> 50 ACRES ON OR BEFORE MAY 18, 2002
>> THE BALANCE, 125 ACRES (more or less), ON OR BEFORE MAY 18, 2005.

[remaining provisions handwritten and barely legible]

>> 54.59 A S ½ NE ¼, 30 A N ½ SE ¼ LESS 6.84 A. SEC 1 T2 N
>> LESS 32.75 A + QUANSET [sic]
>> RESIDENCE AND 4.9 ACRES TO BE PURCHASED BY MAY 18, 2005

Regarding the last 4.9 acres, the contract stated at paragraph 26:

> **OTHER TERMS:** BUYERS AGREE TO PURCHASE SELLERS [sic] RESIDENCE AND OUT BUILDINGS LOCATED 3359 N 5 WEST, AT FAIR MARKET VALUE WITH TERMS ACCEPTABLE TO SELLER. PURCHASE PRICE SHALL BE BASED ON APPRAISEL [sic] ACCEPTABLE TO BOTH SELLER AND BUYER. BUYERS ARE COMPLETING A 1031 EXCHANGE WITH PURCHASE OF THIS PROPERTY.

The parties concluded the first three conveyances provided for in the agreement, involving nearly 200 acres of land. In an addendum, the parties changed the closing date on the residence and 4.9 acres to June 1, 2006.

Bauchman-Kingston hired an appraiser to value the 4.9 acre parcel without obtaining the approval of Haroldsen. The appraiser valued the real property, the residence, the "guest house" located at 3311 North 5th West, and various outbuildings at $263,000. Bauchman-Kingston tendered payment in the amount of the $263,000 but, because Haroldsen assessed the value of the property at $960,000, he refused to convey the property for the amount tendered by Bauchman-Kingston. Due to the dispute regarding the value of the residential property and outbuildings, the parties did not complete the sale.

Bauchman-Kingston sued for specific performance and/or damages. Neither party requested a jury trial. The parties filed cross-motions for summary judgment, and the district court granted summary judgment to the Haroldsens on the ground that the property description was inadequate.

## II.

On appeal we are concerned with three issues: whether the district court erred in determining that the property description in the agreement was inadequate, whether the doctrine of part performance applies in this case, and whether either party is entitled to attorney fees.

## A.

When reviewing an order for summary judgment, the standard of review for this Court is the same standard used by the district court in ruling on the motion. *P.O. Ventures, Inc. v. Loucks Family Irrevocable Trust*, 144 Idaho 233, 237, 159 P.3d 870, 874 (2007). Summary judgment is proper when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Idaho R. Civ. P. 56(c). Summary judgment is appropriate where the nonmoving party fails to establish the existence of an element essential to that party's case. *Carnell v. Barker Mgmt., Inc.*, 137 Idaho 322, 327, 48 P.3d 651, 656 (2002).

When ruling on a motion for summary judgment, the court construes all disputed facts and reasonable inferences in favor of the nonmoving party. *Id.* However, when an action will be tried before the court without a jury, the trial court as the trier of fact is entitled to arrive at the most probable inferences based upon the undisputed evidence properly before it and grant summary judgment despite the possibility of conflicting inferences. *P.O. Ventures*, 144 Idaho at 237, 159 P.3d at 874. This Court exercises free review over the entire record that was before the district judge to determine whether either side was entitled to summary judgment and reviews the inferences drawn by the district judge to determine whether the record reasonably supports those inferences. *Id.*

This case requires that we interpret the agreement between the parties. The interpretation of a contract begins with the language of the contract itself. *Cristo Viene Pentecostal Church v. Paz*, 144 Idaho 304, 308, 160 P.3d 743, 747 (2007). If the language of the contract is unambiguous, then its meaning and legal effect must be determined from its words. *Id.* A contract is ambiguous if it is reasonably subject to conflicting interpretations. *Id.* Determining whether a contract is ambiguous is a question of law over which this Court exercises free review. *Id.* Where a contract is ambiguous and the parties' mutual intent cannot be understood from the language, intent is a question for the trier of fact. *Farnsworth v. Dairymen's Creamery Ass'n*, 125 Idaho 866, 870, 876 P.2d 148, 152 (Ct. App. 1994).

3

**B.**

Bauchman-Kingston argues that the property description in the agreement is adequate, or can be rendered so by documents in the record, and that the district court erred in determining otherwise.

The statute of frauds renders an agreement for the sale of real property unenforceable unless the agreement or some note or memorandum thereof is in writing and signed by the party against whom enforcement is sought. *See* I.C. § 9-505(4). At a minimum, land sale contracts must typically specify the parties involved, the subject matter thereof, the price or consideration, a description of the property and all other essential terms of the agreement. *P.O. Ventures,* 144 Idaho at 238, 159 P.3d at 875. Agreements for the sale of real property that fail to comply with the statute of frauds are unenforceable for obtaining specific performance or damages. *Hoffman v. S V Co.*, 102 Idaho 187, 190, 628 P.2d 218, 221 (1981).

The district court in this case granted summary judgment to the Haroldsens because the description of the final 4.9 acres and residence was inadequate. Generally, "[a] description contained in a deed will be sufficient so long as quantity, identity or boundaries of property can be determined from the face of the instrument, or by reference to extrinsic evidence to which it refers." *Lexington Heights Dev., LLC v. Crandlemire*, 140 Idaho 276, 281, 92 P.3d 526, 531 (2004) (quoting *City of Kellogg v. Mission Mountain Interests Ltd.,* 135 Idaho 239, 244, 16 P.3d 915, 920 (2000)).

A property description that does not allow the court to pinpoint exactly what acreage is to be transferred is inadequate. *White v. Rehn*, 103 Idaho 1, 3, 644 P.2d 323, 325 (1982). In *White,* the property description was "all land west of road running south to the Rehn farmstead containing 960 acres[.] Exact acreage to be determined by survey." *Id.* This Court held that the description was ambiguous on its face and could not support an award of damages or specific performance. *Id.*

When only part of a parcel is sold, and neither the land to be conveyed nor the portion to be retained by the seller is adequately described, the property description is inadequate. *Lexington Heights*, 140 Idaho at 282, 92 P.3d at 532. In *Lexington Heights*, the parties contracted to convey "the real property situated in Ada County, Idaho located at 1400 West Floating Feather Road, consisting of approximately ninety (90) acres . . . . however excluding the residential dwelling (which will include no more than five acres) and improvements identified

4

below." *Id.* at 278, 92 P.3d at 528. The contract went on to describe how "the precise size, location, dimensions and configuration" of the residential parcel would be determined. *Id.* Although a legal description of the property was ultimately prepared, it was never attached to or incorporated in the agreement. *Id.* The Court held that "[t]he legal description in the Agreement does not contain a sufficient description of the property to be sold because it does not contain any description sufficient to identify the approximate five-acre parcel that is to be excluded from the sale." *Id.* at 282, 92 P.3d at 532. Although the excluded parcel could be generally located, the description was inadequate. *Id.*

The facts of this case are very similar to those of *Lexington Heights*. Here, one parcel of property was roughly divided and sold incrementally. The seller retained approximately 36 acres on which a quonset hut stood, as well as the residence and 4.9 acres that are the subject of this action. Although the property descriptions for the first three incremental sales may be adequate, just as in *Lexington Heights* there is no property description for the retained quonset, or for the last conveyance comprised of the residence and 4.9 acres. Bauchman-Kingston failed to supply the record with a comprehensible legal description of the 4.9 acres or a means for determining the same.

Haroldsen apparently knew how the property was situated, describing it as follows in the affidavit he submitted in support of his motion for summary judgment:

> Excluded from the sale was approximately five (5.0) acres situated on the southeast corner of my farm. On this approximate five (5) acres was:
> (a)     my personal residence, whose address was 3359 North 5th West, Idaho Falls, Idaho;
> (b)     a rental house which I own, whose address is 3311 North 5th West, Idaho Falls, Idaho;
> (c)     a large shop for repairing tractors and farm equipment;
> (d)     a metal clad potato cellar;
> (e)     nine (9) granaries; and
> (f)     a couple of other miscellaneous buildings.
> Also, in the Southwest corner of the property sold was and is the property owned by Darrell and Marilyn Beck.

However, the record is devoid of any further evidence that would have allowed the district court to fashion a decree for specific performance.

Bauchman-Kingston asserts that a hand-drawn map and a sheet with two hand-written legal descriptions, both allegedly made by Haroldsen, were attached to and incorporated into

5

addendum 1. Although Bauchman-Kingston asserts that the two documents were part of the agreement, addendum 1 does not reference either document. Further, printed at the bottom of addendum 1 are the words "page 1 of 1." Thus, it is not clear if or how these documents became part of the agreement. Even if the documents were part of the agreement, the map is incomprehensible and does not depict any 4.9 acre parcel. At oral argument, Bauchman-Kingston asserted that the upper right hand corner states "House" and that this designates the property. However, that area contains a notation indicating it is 5.268 acres, not 4.9 acres. And, neither of the legal descriptions identify a 4.9 acre parcel (one describes a 36 acre parcel and the other a 13.75 acre parcel). These documents fail to clarify how they relate to the 4.9 acre parcel.

At oral argument, Bauchman-Kingston informed the Court that a sufficient description of the property could be found in the record at page 4 of exhibit 16. The pertinent portion of this page merely contains a drawing of two rectangles, one inside the other, with tiny illegible dimensions. Such drawing does not render the property description sufficient.

None of the purported descriptions or drawings adequately describes the 4.9 acres and residence. Therefore, the district court properly ruled that the property description in the agreement was inadequate.

## C.

Bauchman-Kingston asserts that even if the property description is inadequate, it is entitled to judgment based on the doctrine of part performance. The Haroldsens argue that the doctrine of part performance does not serve as a substitute for an enforceable agreement, but merely provides a means for specifically enforcing an agreement that exists but fails to meet the statute of frauds.

The doctrine of part performance provides that when the parties to an agreement fail to reduce the agreement to writing, or otherwise fail to satisfy the statute of frauds, the agreement "may nevertheless be specifically enforced when the purchaser has partly performed the agreement." *Chapin v. Linden*, 144 Idaho 393, 396, 162 P.3d 772, 775 (2007) (quoting *Bear Island Water Ass'n, Inc. v. Brown*, 125 Idaho 717, 722, 874 P.2d 528, 533 (1994)); *see also* I.C. § 9-504. Part performance is predicated on the existence of an agreement. *Bear Island*, 125 Idaho at 723, 874 P.2d at 534. To specifically enforce a contract to sell real property by operation of the doctrine of part performance, the agreement must be complete, definite, and

6

certain in all its terms, or contain provisions which are capable in themselves of being reduced to certainty. *Id.*

As discussed above, the agreement to convey the 4.9 acres is not an enforceable agreement under the statute of frauds because it lacks an adequate property description. Part performance does not substitute for an incomplete agreement, but instead operates to allow an agreement to be enforced when it does not comply with the statute of frauds. *Id.* ("There can be no part performance of an agreement which was never made.").

In one case where a real estate contract failed to meet the statute of frauds only because of an inadequate property description, this Court permitted parol evidence to clarify an ambiguous property description when the parties admitted that they agreed to the conveyance of *some* property in exchange for specific consideration *and* one of the parties fully delivered that consideration. *Simons v. Simons*, 134 Idaho 824, 827-28, 11 P.3d 20, 23-24 (2000). In the present case, not only is the property description inadequate, but the parties disagree on what constituted full consideration – the price term. Thus, *Simons* is distinguishable because the consideration tendered by Bauchman-Kingston was merely the value given by its appraiser, and not the specific amount to which the parties had agreed. Although the district court held that the agreement unambiguously set the price of the 4.9 acres at the "fair market value," we disagree.

To be enforceable, a contract must provide a price or a means of determining the price. *Garmo v. Clanton*, 97 Idaho 696, 699, 551 P.2d 1332, 1335 (1976). "If the parties provide a practicable, objective method of determining [the] price of compensation, not leaving it to the future will of the parties themselves, there is no such indefiniteness or uncertainty as will prevent the agreement from being an enforceable contract." *Id.* (quoting 1 CORBIN ON CONTRACTS § 97 (1963)). At the very least, the parties must specify in the agreement a practicable method by which the price can be determined by the court without any new expression by the parties themselves. *Id.*; *see also* 77 AM. JUR. 2D *Vendor & Purchaser* § 6 (1975). An agreement that specifies how the parties will arrive at the "present market value" is unambiguous and enforceable. *Burnham v. Bray*, 104 Idaho 550, 555-56, 661 P.2d 335, 340-41 (Ct. App. 1983) (holding that an agreement providing for the price to be set by an appraiser appointed according to a specific process was enforceable).

The price term in the parties' agreement states "[b]uyers agree to purchase sellers [sic] residence and out buildings located 3359 N 5 West, at fair market value with terms acceptable to

7

seller. Purchase price shall be based on appraisel [sic] acceptable to both seller and buyer." The price term in the agreement is ambiguous due to the misspelling of the word "appraisel." The correct word could be either "appraiser" or "appraisal." If the misspelled term was appraisal, as Bauchman-Kingston contended below, the appraised value would have to be acceptable to both parties. That interpretation is of no avail to Bauchman-Kingston because the Haroldsens did not agree to the appraisal Bauchman-Kingston unilaterally obtained. If the purchase price were to be determined by an appraiser acceptable to both parties, as Bauchman-Kingston contended on appeal, the agreement would contain a reasonable method for determining the fair market value. Bauchman-Kingston cannot prevail on that interpretation, however, because if the appraiser was required under the agreement to be acceptable to both parties, Bauchman-Kingston had no right to unilaterally select its own appraiser and try to require Haroldsen to accede to that appraiser's valuation. Haroldsen had the option to reject either the appraiser or the appraisal, depending on the interpretation of the misspelled term, and was justified in doing so.

The result of the ambiguous price term is that the parties had not agreed on what consideration supported the agreement, and any attempted performance by Bauchman-Kingston was not full performance, distinguishing this case from *Simons*. Therefore, the doctrine of part performance does not assist Bauchman-Kingston in obtaining either a monetary judgment or specific performance.

## D.

Although it argues equitable estoppel on appeal, Bauchman-Kingston did not argue that theory in the summary judgment proceedings before the district court. An issue raised for the first time on appeal will not be considered by this Court, and therefore equitable estoppel need not be addressed. *Cristo Viene Pentecostal Church v. Paz*, 144 Idaho 304, 310, 160 P.3d 743, 749 (2007).

## E.

Both parties have requested attorney fees on appeal. Bauchman-Kingston is not the prevailing party, and is not entitled to attorney fees. The Haroldsens request attorney fees and costs pursuant to paragraph 15 of the agreement, which allows attorney fees and costs to the prevailing party, including fees on appeal. A party may be awarded attorney fees based on an agreement so providing, even when the court determines that the agreement is not enforceable.

8

*O'Connor v. Harger Constr., Inc.,* 145 Idaho 904, 910, 188 P.3d 846, 854 (2008).  Therefore, the Haroldsens are entitled to attorney fees and costs on appeal.

## III.

The decision of the district court is affirmed.  The Haroldsens are awarded attorney fees and costs on appeal.


Justices BURDICK, W. JONES, HORTON, and Pro Tem TROUT CONCUR.