This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                          **NO. 33,320**

**JAIME GARCIA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Charles W. Brown, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Jane A. Bernstein, Assistant Attorney General
Albuquerque, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Santa Fe, NM
Sergio J. Viscoli, Assistant Appellate Defender
Albuquerque, NM

for Appellant

**BUSTAMANTE, Judge.**

{1}     Defendant Jaime Garcia appeals the denial of his motion to dismiss based on a violation of his constitutional right to a speedy trial. Concluding that this right was not infringed, we affirm.

**BACKGROUND**

{2}     Because this is a memorandum opinion and the parties are familiar with the facts, we outline them only briefly. Defendant was arrested on April 6, 2011, and indicted on April 21, 2011, for second degree murder and voluntary manslaughter, two counts of aggravated assault, and four counts of child abuse. In November 2012 Defendant moved for dismissal on the ground that his right to a speedy trial had been violated, and a hearing on the motion was held on July 11, 2013, roughly twenty-six months after Defendant was taken into custody. Defendant's motion was denied. Defendant entered a conditional plea reserving his right to appeal the denial of the motion to dismiss. Additional facts are included as relevant to our discussion of Defendant's arguments on appeal.

**DISCUSSION**

{3}     The right to a speedy trial is derived from the Sixth Amendment to the United States Constitution and Article II, Section Fourteen of the New Mexico Constitution. *State v. Garza*, 2009-NMSC-038, ¶ 10, 146 N.M. 499, 212 P.3d 387. The purpose of

the right to a speedy trial is "(1) to prevent undue and oppressive incarceration prior to trial, (2) to minimize anxiety and concern accompanying public accusation[,] and (3) to limit the possibilities that long delay will impair the ability of an accused to defend himself." *Id.* ¶ 12 (internal quotation marks and citation omitted). To determine whether the right has been violated, we examine four factors: "(1) the length of delay, (2) the reasons for the delay, (3) the defendant's assertion of his right, and (4) the actual prejudice to the defendant." *Id.* ¶ 13 (internal quotation marks and citation omitted). Each of the factors must be assessed case by case, and no single factor is dispositive. "[T]he factors have no talismanic qualities, and none of them are a necessary or sufficient condition to the finding of a violation of the right of speedy trial." *State v. Spearman*, 2012-NMSC-023, ¶ 18, 283 P.3d 272 (alterations, internal quotation marks, and citation omitted). In analyzing the factors, we defer to the district court's findings of fact but review the weight attributed to each factor de novo. *Id.* ¶ 19.

**1.     Length of Delay**

{4}     The length of delay is both a "triggering mechanism" that prompts further inquiry into the speedy trial analysis and a factor to be weighed against the others. *Id.* ¶ 20. In other words, we first assess the length of delay to determine whether it exceeds the threshold established as "presumptively prejudicial" by our Supreme Court. *Id.* ¶ 21; *see Garza*, 2009-NMSC-038, ¶ 48 (stating that the speedy trial inquiry

3

is triggered when a given benchmark is exceeded and establishing the benchmarks as one year for simple cases, fifteen months for intermediate cases, and eighteen months for complex cases). The district court found that the present case is complex and that the presumptively prejudicial threshold of eighteen months had been exceeded. Although Defendant argued in district court that the present matter is an intermediate case, he does not contest the district court's finding as to complexity on appeal. Thus, we accept the district court's finding that the case is complex and next consider whether the length of delay weighs in Defendant's favor. *See State v. Coffin*, 1999-NMSC-038, ¶ 56, 128 N.M. 192, 991 P.2d 477 ("The question of the complexity of a case is best answered by a trial court familiar with the factual circumstances, the contested issues and available evidence, the local judicial machinery, and reasonable expectations for the discharge of law enforcement and prosecutorial responsibilities." (internal quotation marks and citation omitted)).

{5}   The twenty-six month delay here exceeds the presumptively prejudicial threshold by eight months. In other cases, we have held that delays exceeding the threshold by seven months, and eleven months weigh in favor of the defendant and against the State. *State v. Moreno*, 2010-NMCA-044, ¶ 12, 148 N.M. 253, 233 P.3d 782 (seven months); *State v. Johnson*, 2007-NMCA-107, ¶ 8, 142 N.M. 377, 165 P.3d 1153 (eleven months). Hence, we conclude that this factor weighs in Defendant's favor.

4

## 2. Reasons for the Delay

{6}    Reasons for delay in bringing a defendant to trial fall within three categories: "(1) deliberate or intentional delay; (2) negligent or administrative delay; and (3) delay for which there is a valid reason." *State v. Lujan*, 2015-NMCA-032, ¶ 15, 345 P.3d 1103 (internal quotation marks and citation omitted). "We assign different weight to [these] different types of delay." *Id.* Deliberate delay weighs heavily against the State, negligent or administrative delay weighs "against the State, though not heavily[,]" and delay for which there is a valid reason does not weigh for or against the State. *Id.*

{7}    Defendant identifies several reasons for the delay. First, he argues that the case was delayed by "multiple reassignments of the case to new district attorneys." He characterizes this reason as "negligent or administrative delay." We agree with this characterization and weigh this element against the State, but not heavily.

{8}    Next, Defendant argues that the State failed to respond to his repeated requests for discovery and for evidence testing. The district court found that the delay here "has not been for the State to achieve a tactical advantage." Defendant does not argue on appeal that the State's failure to respond was intentional or tactical. Nor does he contest the district court's finding that the delay was caused at least in part by Defendant's requests for "evidence that the State did not deem necessary for its case." Hence, like the district court, we categorize this delay as administrative or negligent

5

and weigh it slightly against the State. *Cf. State v. Suskiewich*, 2016-NMCA-004, ¶ 17, 363 P.3d 1247 (concluding that "even if the[] continuances [in that case] were the result of the State's failure to provide discovery, they fall into the 'negligent or administrative' category of delay, which weighs against the State").

**3.  Assertion of Right**

{9}  Under this factor, "we assess the timing of the defendant's assertion and the manner in which the right was asserted." *Garza*, 2009-NMSC-038, ¶ 32. Here, Defendant asserted his right to a speedy trial at the arraignment and when defense counsel entered her appearance. He also filed a motion to dismiss based on speedy trial grounds. Finally, he asserts that "the fact that trial counsel actually tried to move the case along by repeatedly requesting evidence and pre[]trial interviews" indicates that he was motivated to go to trial and adequately asserted his right to a speedy trial. He maintains that this factor should weigh "moderately, if not heavily" in his favor.

{10}  As Defendant acknowledges, pro forma assertions of a speedy trial right are generally accorded little weight. *See State v. Urban*, 2004-NMSC-007, ¶ 16, 135 N.M. 279, 87 P.3d 1061 ("[P]ro forma [pretrial] motions are generally afforded relatively little weight in this analysis."). In addition, we have held that "a motion to dismiss based on speedy trial grounds is an assertion of the right that is weighed against the government, although it is generally not weighed heavily." *Suskiewich*, 2016-NMCA-004, ¶ 24 (internal quotation marks and citation omitted).

6

{11} The district court found that Defendant's assertion of his right was adequate but that Defendant also "agreed to all continuances, [did] not . . . request[] any sanctions against the State," and did not request a scheduling order or a trial date. Defendant does not contest these findings. In *Suskiewich*, this Court held that where the defendant had repeatedly requested discovery and even moved to compel discovery, this factor weighed only slightly in the defendant's favor. *Id.* ¶ 24. Here, Defendant did not move to compel discovery by the State. We conclude that, even if we consider Defendant's pro forma assertions, motion to dismiss, and requests for discovery, this factor weighs only slightly in Defendant's favor.

## 4. Prejudice to Defendant

{12} "The heart of the right to a speedy trial is preventing prejudice to the accused." *Garza*, 2009-NMSC-038, ¶ 12. There are "three sources of prejudice in a delay: (1) oppressive pretrial incarceration, (2) anxiety and concern of the accused, and most importantly, (3) impairment of the defense." *Urban*, 2004-NMSC-007, ¶ 17. "As to the first two types of prejudice, some degree of oppression and anxiety is inherent for every defendant who is jailed while awaiting trial. Therefore, we weigh this factor in the defendant's favor only where the pretrial incarceration or the anxiety suffered is undue." *Garza*, 2009-NMSC-038, ¶ 35 (alterations, internal quotation marks, and citation omitted).

{13} Defendant argues that being incarcerated for twenty-six months was oppressive. "The oppressive nature of the pretrial incarceration depends on the length of incarceration, whether the defendant obtained release prior to trial, and what prejudicial effects the defendant has shown as a result of the incarceration." *Id.* The State does not contest that Defendant was incarcerated from the time of his arrest and was never released on bond. As to prejudice caused by incarceration, Defendant argues that "the delay prevented [him] from providing for his children . . . and caus[ed] the children to be separated from each other and potentially sent back to Mexico, causing significant anxiety and concern to [him]." Defendant did not explain below or on appeal how the delay affected the children's living arrangements more so than the fact of his initial indictment or that the children's living arrangements, and his anxiety about them, worsened over time. *See Suskiewich*, 2016-NMCA-004, ¶ 25 ("The evidence must . . . establish that the alleged prejudice occurred as a result of the delay in trial beyond the presumptively prejudicial threshold as opposed to the earlier prejudice arising from the original indictment." (internal quotation marks and citation omitted)); *see also State v. Vigil-Giron*, 2014-NMCA-069, ¶ 55, 327 P.3d 1129 (noting that the defendant established undue prejudice where she testified that her "medical and employment adversities" and "stress-related maladies" continued past the threshold period and grew over time); *Garza*, 2009-NMSC-038, ¶ 35 ("[T]his factor [weighs] in the defendant's favor only where the pretrial incarceration or the

8

anxiety suffered is undue."). We conclude that Defendant failed to establish that the period of incarceration was oppressive because he did not demonstrate that he suffered undue prejudice as a result.

**{14}** Defendant also argues that his defense was prejudiced by the delay in two ways. First, he maintains that because of the delay in trial, a witness was unavailable to testify since she had since moved out of state. But Defendant made no proffer of what the witness would say and presented no argument or evidence that her unavailability was the result of the delay. *See id.* ¶ 36 ("If the defendant asserts that the delay caused the unavailability of a witness and impaired the defense, the defendant must state with particularity what exculpatory testimony would have been offered, and the defendant must also present evidence that the delay caused the witness's unavailability." (alterations, internal quotation marks and citation omitted)). Second, Defendant asserts that some of the testing of the alleged weapon was "done out of order" which "result[ed] in possible tainted evidence." Again, Defendant presented no evidence or testimony indicating that the delay in this case caused the weapon testing to be done in an unusual order or that the order of testing actually tainted the results. *See State v. Taylor*, 2015-NMCA-012, ¶ 20, 343 P.3d 199 (holding that the defendant did not demonstrate particularized prejudice where "[n]o testimony or documentary evidence was offered or admitted into evidence in support of counsel's assertion that [the d]efendant was prejudiced"). Despite being incarcerated for over twenty-six months

awaiting his trial in this complex homicide case, "we hold that Defendant has made no showing of prejudice that is cognizable under the [prejudice] . . . factor." *Garza*, 2009-NMSC-038, ¶ 37.

{15}    We conclude that the first factor weighs at most moderately in Defendant's favor, while the second and third factors weigh slightly in his favor. However, because Defendant did not make a particularized showing of prejudice, his right to a speedy trial was not violated. *Id.* ¶ 40 (stating that where "[the d]efendant failed to show prejudice, and the other factors do not weigh heavily in [the d]efendant's favor . . . [the Supreme Court could not] conclude that [the d]efendant's right to a speedy trial was violated").

**CONCLUSION**

{16}    For the foregoing reasons, we affirm.

{17}    **IT IS SO ORDERED.**


_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**


_____

**MICHAEL E. VIGIL, Chief Judge**


_____

10

**TIMOTHY L. GARCIA, Judge**